———o+o———

## Lyon *against* Annable.

If the purchaser of an estate has paid any part of the purchase money, and the seller refuses to complete his part of the contract, the purchaser may

make his election, either *to affirm the contract*, by bringing an action for its non-performance, or to disaffirm it *ab initio*, and bring an action for money had and received to his use.

If there be a defect in the title of an estate contracted to be sold, so that the vendor cannot make a good title, which defect the vendor, with knowledge of its existence, fraudulently suppresses from the purchaser, and receives from him a part of the purchase money, the purchaser may recover back such money, in an action for money had and received.

Where an action is brought for a precedent debt or duty of the defendant, a special demand is not necessary.

This was an action of *indebitatus assumpsit*, for money had and received, by the defendant, to the plaintiff's use.

The cause was tried at *Haddam, October* term, 1821, before *Chapman*, J.

The money sought to be recovered, was paid, by the plaintiff, to the defendant, in part of the purchase money for a certain piece of land, to which the defendant had agreed to give the plaintiff a good and valid title by deed. The payments were to be made as follows: 200 dollars down, at the time of the contract; 200 dollars, at the end of one year from that time; and 200 dollars, at the end of two years; making 600 dollars in the whole, which was the full amount of the purchase money. The contract was verbal only. These facts were admitted. The plaintiff insisted, and offered evidence tending to prove, that the defendant was to give a deed of the land, on the payment of the first 200 dollars; and also, that the defendant's title to the land, at that time, was only by virtue of a deed from one *Bishop*, which was fraudulent and void as against *Bishop's* creditors,—a fact well known to the defendant, but concealed from the plaintiff,—said creditors having actually levied their executions on the land, for *bona fide* debts, and had the whole of it set off to them, as the property of *Bishop*, before the commencement of this suit. The defendant denied that the agreement was, that he was to convey the land, on the making of the first payment; but claimed, that he was not to convey a title until the last payment should be made, which was not till after the commencement of this suit. The defendant also denied, that there was any defect in the title he then held from *Bishop*; but insisted, that if his title was defective, still if he was not bound to convey to the plaintiff until all the payments were made, the money already advanced could not be recovered back, until the defendant's failure to fulfil, at or after that time. Evidence was introduced,

*Middlesex,*
July,
1822.

*Lyon*
*v.*
*Annable.*

on both sides, relative to the validity of the defendant's title from *Bishop.* The defendant insisted, that from the facts admitted, the jury might find, that he was not bound, by the terms of the contract, to convey the land until all the payments were made; especially, as it was admitted, that no notes had been given, by the plaintiff, to secure the two remaining payments; and that the plaintiff was a man of small property, and the defendant a merchant, and a man of a large estate.

The judge informed the jury, that from the evidence and the facts admitted, they might find, that the defendant was to convey when the first payment was made, or that the contract was to convey on demand; but that they could not find, from the facts admitted, that the defendant was not to convey until all the payments were made, or not until after the time this suit was commenced. The judge further instructed the jury as follows : " If you find, that by the terms of the contract, a conveyance of the land was to have been made to the plaintiff, on the payment of the sum of 200 dollars, and that this sum was so paid, and the conveyance not made, no demand was necessary to enable the plaintiff to recover back his money. But if you find, that no time was agreed on, by the parties, when the conveyance was to be made, and that the sum of 200 dollars was paid; by law, the conveyance was to be made on demand; but a special demand and a refusal were necessary to entitle the plaintiff to recover back the money. But if you find, that the defendant, at the time of making the contract, had not a good title to the premises, and that known to himself, and that he fraudulently concealed the fact from the plaintiff, with an intent to induce the plaintiff to accept from him a deed conveying to the plaintiff such interest only as he then had, no special demand was necessary." The judge further observed to the jury, that no facts were admitted, from which they could infer, that the conveyance was not to have been made before the whole purchase money was to have been paid.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial, on the ground of a misdirection.

*Sherman,* in support of the motion, remarked, that in this case, the judge instructed the jury, that they could not find,

that the deed was not to be given until after the payment of the consideration money. The amount of this part of the charge was, that if, at the moment the first payment was to be made, the defendant did not give the deed, the plaintiff might recover back the money. He then contended, 1. That from the facts stated, the plaintiff, if there were no fraud, could not demand the deed, until he had paid *all* the instalments. The plaintiff must shew, that he has performed his part of the agreement. 1 *Wms. Saund.* 320. n. 4. 1 *Chitt. Plead.* 310—15. The defendant agreed to convey, in consideration of 600 dollars, payable by instalments ; not in consideration of the first 200 dollars. Now, the circumstance that the purchase money was to be paid by instalments, can make no difference as to the right of the plaintiff to demand a deed : the *whole* must be paid before such right can exist. It is clear that chancery would not decree a specific performance against the defendant, on payment of the first instalment only.

2. That the judge did not charge the jury correctly, in advising them, that if the deed was to be given at the time of the first payment, the neglect of the defendant would entitle the plaintiff to recover ; for the contract is still open ; it has never been rescinded.

*Staples* and *Hungerford*, contra, contended, 1. That a person having paid money upon a consideration, which happens to fail, may recover it back, in an action for money had and received. *Shove* v. *Webb*, 1 *Term Rep.* 733. *Stratton* v. *Rastall*, 2 *Term Rep.* 466. *Beauchamp* v. *Barret*, *Peake's Rep.* 109. *Scurfield* v. *Gowland*, 6 *East* 241. *Burrough* v. *Skinner*, 5 *Burr.* 2639. *Chambers* v. *Griffiths*, 1 *Esp. Rep.* 150. *Elliot* v. *Edwards*, 3 *Bos. & Pull.* 181. 1 *New Rep.* 263. g. h. n. (*Day's* ed.)

2. That where the consideration fails, the party having received money upon it, is liable, immediately, to refund it ; and, as this is a precedent debt or duty, a special demand is not necessary. *Morgan* v. *Sargent*, 1 *Bos. & Pull.* 58. 1 *Chitt. Plead.* 322, 3. *Birks* v. *Trippet*, 1 *Saund.* 33.

3. That the failure of performance by the defendant, in this case, amounted to a failure of consideration ; and authorized the plaintiff to consider the contract as rescinded. *Weaver* v. *Bentley*, 1 *Caines* 47. *Giles* & al. v. *Edwards*, 7 *Term Rep.* 177.

4. That from the facts *admitted*, the jury could not have in-

*Middlesex.*
July,
1822.

Lyon
*v.*
Annable.

ferred, that the deed was not to be given until the whole purchase money was paid.   Suppose a merchant goes to *New-York*, and contracts for goods, for which he is to pay one third cash, one third in six months, and one third in twelve months; must he wait until the the end of twelve months before he can take his goods ?

HOSMER, Ch. J.  The plaintiff has brought an action for money had and received, to recover 200 dollars paid to the defendant, in part purchase of a certain piece of land, to which the defendant had agreed to give a title by deed.   The payments were to be made, 200 dollars, at the time of the contract, which sum was actually paid ; 200 dollars, at the end of one year ; and 200, at the end of two years.   Thus far the facts were agreed.

The contract was verbal ; and the plaintiff adduced evidence tending to show, that the defendant was to give a deed of the land, on the payment of the first 200 dollars ; and that the defendant held under one *Bishop,* by a deed fraudulent as to creditors, which fact he suppressed from the knowledge of the plaintiff; and that the creditors of *Bishop* had actually levied on, and appropriated to themselves on execution, the whole of the property.

The court charged the jury, if they should find, that a conveyance of the land, was to have been made to the plaintiff, on making the first payment, and that the conveyance had not been made, although the defendant had received the said payment, no demand was necessary to authorize a recovery of the money.   They were further charged, if they should find, that the defendant, at the time of making the said contract, had not a good title to the premises, which was known to himself, but was suppressed fraudulently, with intent to induce the plaintiff to accept the deed from the defendant, that then no demand of the money was necessary.   Two other instructions were comprised in the charge to the jury, one of which depended on a special demand never made, and of consequence, was of no importance in the case, and the other stated, that no inference could be deduced from the facts *admitted,* that the conveyance was not to have been made, before the 600 dollars were paid, with which no fault has been found.   Laying these out of the case, the following general question is presented for decision ; Whether the two first instructions contained in the charge were correct.

1. It is a principle well established, if the purchaser has paid any part of the purchase money, and the seller refuses to complete his part of the contract, that the purchaser may make his election, either to affirm the contract, by bringing an action for its non-performance, or to disaffirm it *ab initio*, and bring an action for money had and received to his use. The principle stated above is proved, by *Dutch* v. *Warren*, cited 2 *Burr*. 1011. and *Farrer* v. *Nightingal*, 2 *Esp. Rep.* 639. ; and in *Dowdle* v. *Camp*, 12 *Johns. Rep.* 451. it is clearly implied. The plaintiff was not bound to pay the money, unless contemporaneously with the delivery of the deed ; and if it were actually advanced in expectation of that event, it would be unjust to hold, that it might not be recovered back. It would, most clearly, be the payment of money by mistake, to which the defendant could have no possible claim.

It was a duty existing on the defendant, to deliver to the plaintiff a deed of conveyance, or to repay the money received, although the plaintiff, at his election, might decline taking it back ; and where there is a precedent debt or duty, a special demand is not necessary. 1 *Chitt. Plead.* 323. *Birks* v. *Trippet*, 1 *Saund.* 33. and n. 2. by *Williams. Bull. N. P.* 151.

These principles fully sanction the first instruction contained in the charge of the court.

2. Where money is paid through mistake, or the deceit of another, an action for money had and received is sustainable to recover it back. If land is actually sold, when under a prior incumbrance, so that the vendor, who has received the purchase money, cannot give a title, this action lies. *Putnam* v. *Westcott*, 19 *Johns. Rep.* 73. *Caswell* v. *Black River Manufacturing Company*, 14 *Johns. Rep.* 453. *A fortiori*, may it be maintained, where the money of the plaintiff has been procured by fraud. *Hogan* v. *Shee*, 2 *Esp. Rep.* 522. *Robinson* v. *Anderton*, *Peake's Rep.* 94. I forbear the citation of more cases ; the principle being perfectly familiar, and incontrovertibly established. Nor can there exist a question, that no special demand is necessary, in a case of this description.

I barely subjoin the remark, that money paid to a person for a bill forged by himself, would be recoverable on demand, on no surer principles, than a similar advancement to a person perpetrating a fraud, as in the present case, through a different medium.

I perfectly concur with the judge on the circuit, in the correctness of the charge ; and would not advise a new trial.

The other Judges were of the same opinion.

New trial not to be granted