## Case No. 800a.

### BALDWIN v. LE ROY.

[3 Betts, C. C. MS. 62.]

Circuit Court, S. D. New York. June 1, 1844.

VENDOR AND PURCHASER—ASSUMPSIT BY VENDEE TO RECOVER BACK PURCHASE PRICE — IMPLIED COVENANTS.

[1. In New York, no action lies in behalf of a grantee against the grantor on a deed of real estate without covenants.]

[2. A covenant that the grantor has title is not implied in a deed without covenants.]

3. Indebitatus assumpsit by a grantee against a grantor, on the ground of a failure of consideration, by reason of the complete failure of the grantor's title, cannot be maintained on a deed without covenants.]

[At law. Assumpsit by Daniel V. B. Baldwin against Jacob Le Roy to recover the price paid by plaintiff to defendant for certain real estate. On motion for a new trial. Motion granted.]

BETTS, District Judge. The application for a new trial on the part of the defendant in this case rests upon exceptions to the charge and ruling of the judge on the trial of the cause. The defendant, by a power of attorney executed August 31, 1836, authorized Elisha Starr to sell any lands owned by the defendant in the western states and territories, and purchased for him by the said Starr or I. Dewey, or received in exchange for other lands, purchased by them for the defendant. On the 7th day of November, 1836, Starr conveyed in the name of the defendant and his wife, to the plaintiff, certain real estate, situated in Milwaukee, territory of Wisconsin, and purchased conformably to the terms of the power of attorney, for the consideration of $1,800, which was paid in full. The conveyance was with covenants of seizin and warranty. The judge ruled at the trial that the power of attorney did not authorize Starr to convey with covenants, and decided that the deed was to operate only as a conveyance in fee as if executed without the insertion of covenants.

The counsel for the defendant excepted to the admission of the deed as evidence, but on the argument has discussed only the question whether the attorney had power to insert the covenants given with this deed, and has conceded, that otherwise than in respect to those covenants, the deed operates to the same effect as if executed personally by the defendant. The plaintiff not having excepted to the exclusion of the covenants, it is not necessary in this position of the case to review the construction put by the judge on the power of attorney, and the waiver of the

defendant's exception also excuses the consideration of the formality and sufficiency of the deed itself. The action was assumpsit to recover both the consideration money paid, with interest, upon the ground that, at the time of the conveyance, the defendant had no title to the lands sold; and it rested upon the doctrine that, on an entire failure of the consideration, the vendor of real estate has a right to reclaim the purchase money and interest, although he has received a conveyance perfect in law to pass the title. The conveyance executed was without seal, but it appears that, by the law of Wisconsin, a scroll or designation of the place of seal operates as a deed. Acts Wis. p. 156.

Whether, if the laws of the place of contract had placed the transfer of real or personal estate on the same footing, and had adopted to both the remedies appropriate at common law to either, the same rule must be administered in other forums, might be a grave question; but it is merely a speculative one in regard to the present case, for it is shown that this instrument has in Wisconsin all the effect of a common law deed of bargain and sale.

The objection has been strenuously urged that the plaintiff did not prove at the trial any failure of title in the defendant, and that it is in no respect inconsistent with the evidence that there should have been vested in him at the time of the conveyance a valid title to the property. The exception on the trial was pointed to admission of but one item of proof on that head,—the certificate of the commission of the land office, authenticating certain proceedings in that office, alleged to have relation to the lands in question. The defendant's counsel construes the exception as contesting the admissibility and effect in law of the various papers embraced within the certificate, to support the allegation that the defendant had no title to those lands. Such is not the bearing of the exception: It evidently regards those documents as the only proof offered by the plaintiff to show a failure of title, and demands their exclusion as incompetent to establish the facts. Manifestly the exceptions cannot be sustained in that point of view. The documents were so authenticated as that by the laws of congress plaintiff was entitled to read them in evidence, if pertinent to the case, and the exception should accordingly have been to their legal effect and relevancy. There was already evidence given tending to establish the same fact. The Chicago treaty, the deposition of Starr, &c.; and in aid of that proof, the plaintiff offered the records of the land office, to show that the government had never granted those lands. The defendants had a right to call on the judge to decide whether the documents were full proofs to the point in inquiry, or merely to be received as auxiliary to other evidence, or what other, if any effect, was to be given them; but I think, as the case stands on paper, the defendants are not entitled to the absolute exclusion of that evidence.

A further point is made, that the judge charged the jury as matter of law that the defendant's title had failed; when it should have been submitted as matter of fact to them to find on the evidence, the court being authorized only to determine the construction and effect of the written documents, but not the effect of the entire proof. The bill of exceptions is very concise in detail, but I think it is manifest from the proceedings stated in it, that there was no contest before the jury as to any matter in pais. Both parties regarded the case as turning on points of law—the sufficiency of the power of attorney and the right of the plaintiff in this form of action, to recover back the consideration paid; and, to obtain the judgment of the court on these points, the cause was disposed of upon the assumption that the title of the defendant had failed. It would be contrary to the notorious practice of the court for the judge to take upon himself the determination of mere matters of fact, and withdraw it from the jury; and rather than suppose so unusual an omission with the late, learned and cautious judge who presided in this court and on the trial of this case, I should read the charge set forth in the exceptions, not as positive and directory to the jury, but as hypothetical, resting upon the supposition of its being found "that in this case, the title of the defendant having failed," they were then instructed that "the money paid him was paid without consideration, and the plaintiff was entitled to recover it back in this form of action."

The final position in the charge is the gist of the controversy, and the conclusion to which I have arrived in this branch of the exception renders it of less moment that any definite judgment should be pronounced at this time on the other points presented. The mistake, if any, was merely formal, for it can scarcely be supposed that the jury, on the evidence spread upon the bill of exceptions, could have presumed any title in fact passed by the deed, or existed in the defendant at the time of its execution or since. But assuming, as was palpably the understanding at the trial, that the title had failed, the main question is as to the right of the plaintiff to sue for and recover the consideration money paid. It rests partly on the inquiry whether the legal operation of the deed supplies him the relief sought, and partly on the form of action adopted. I take it to be incontrovertably the case of this state, that no action lies in behalf of a grantee against the grantor on a deed conveying real estate without covenants. This is not only so by positive statute, which provides that no covenant shall be implied in any conveyance of real estate, whether such conveyance contain special covenants or not, (1 Rev. St. p. 738, § 140,) but the like doctrine

had been explicitly declared by the supreme court in 1804, (Frost v. Raymond, 2 Caines, Cas. 188,) and has never since been varied, (4 Kent, Comm. 476.) In Frost v. Raymond. the court discusses with great attention all the operative words in a deed in fee without covenants,—"grant, bargain, sell, alien, and confirm,"—and resolve that some of them imply a covenant of title by the grantor. This was also clearly the common law doctrine. The cases cited by the supreme court from the English adjudications sustain the positions laid down, and they are also strongly fortified by the opinion of Sergeant Sugden, and the case he adduces to support it, that if one sell another's estate without covenant or warranty for the enjoyment, it is at the peril of him who buys, because, the thing being in the realty, he might have looked into the title. Sugd. Vend. 315. The rule is different in a lease for years, for in such case it is adjudged that the words "grant," "demise," etc., imply a covenant of title in them. Co. Litt, 384a. but note 332; 3 Cro. Eliz. 674; Cro. Jac. 73. So also a contract to convey a fee simple, imports title in the vendor, and he cannot acquit himself of the engagement by making a bald deed, no title being in him at the time. 14 Mass. 425; 4 Conn. 350. Strong cases to this point are found in 2 Johns. 599; 10 Johns. 269; 12 Johns. 436; and the principle has been adopted and applied in other cases in this state, and by the supreme court of the United States. Bank of Metropolis v. Guttschlick, 14 Pet. [39 U. S.] 19. But none of these advance or countenance the doctrine that, after a deed in fee devoid of covenants is accepted by a grantee, he can raise an implied covenant thereon against the grantor. Had this been an action of covenant, therefore, it is plain, that the authorities would be decidedly against it, or that the plaintiff must have failed.

Is the right at all varied by changing this form of action, when the special undertakings or promises are made the foundation of the action? Assumpsit for money had and received is an equitable action of the broadest scope, but it can yield no fruit to the party unless the proof in the case shows his superior equitable and legal right to the money in question. What is then the gravamen to the action, the foundation upon which it rests? It must be a promise implied from the grant of land for a full consideration that the grant actually claims the title it purports to convey. In other words, this action, the same as one in covenant, is to be supported solely by this implied undertaking or promise of the vendor. The cases make no distinction favoring the claim in one form of action over that of another, or intimate that a promise may be implied, carrying all the effect of a covenant, in relation to the sale of land, when such covenant itself could not be implied.

The doctrine deduced from them all is,

that there is no reason for allowing a party an action at law in such case, where he did not provide it for himself upon his contract. Sugd. Vend. 715. Lord Holt and the court affirm this to be the law, (2 Ld. Raym. 1119,) and recognize, in an action on this case for deceit, the principle that when the thing sold is in realty, without covenant of warranty, the validity of the right or title is at the peril of him who buys, (Cro. Jac. 197; 1 Serg. & R. 42; 4 Greenl. 101.) Gates v. Winslow was assumpsit to recover back the consideration paid, on receiving a quitclaim deed of lands, on this allegation, that no interest passed by the deed, and the court held that the action would not lie. 1 Mass. 65. This principle is reaffirmed with great strength of statement by Parsons, C. J., (4 Mass. 136,) and is fully recognized by the superior court of Pennsylvania and Maine, (Joyce v. Ryan, 4 Greenl. 101; Emerson v. Washington Co., 9 Greenl. 96; Dorsey v. Jackman, 1 Serg. & R. 42.) The court of chancery, acting with a view to the intrinsic equities of cases between parties, and without being controlled by rules that might be termed technical merely, will afford no relief to a vendee of land who has accepted a conveyance without covenants, when no fraud or deceit has been practiced by the grantor. In Thomas v. Powell, 2 Cox, Cas. 396, Ld. Loughborough, in such case, refused to impound the consideration money yet remaining in court and which had not reached the vendor. He held that the vendee must be remitted to his covenants, and if the deed contained none, the purchaser is entirely without remedy. Lord Rosslyn enforced the same principle, and held that even in a conveyance made by a master under decree of the court, the purchaser, after accepting the deed, could not recover back the purchase money because of a failure of title. Wakeman v. Duchess of Rutland, 3 Ves. 235. Abbott v. Allen, in this state, is a strong case to the same point. Chancellor Kent declared that if there be no fraud and no covenants taken to secure the title, the purchaser has no remedy in equity for his money because of a failure of title. 2 Johns. Ch. 519–523.

The precise point presented by this case has been repeatedly brought before the courts in England and this country, as shown by the authorities cited; and it has been uniformly adjudged, that neither in law on an implied covenant, nor in an action of assumpsit, nor in equity, can a purchaser of real estate who accepts a deed without covenants recover back the consideration money paid on a failure of title, unless there be fraud or deceit in the sale. All that is required in the disposal of the point presented is to ascertain what the fixed rule of law is; but it is also satisfactory to find it one not of arbitrary authority merely, but resting on the soundest principles of general justice. The court always looks to a whole instrument in writ-

ing and under seal as conclusive evidence of what the parties ultimately concluded between themselves. All antecedent propositions and understandings are deemed disposed of and substituted by what the deed expresses. So far then from countenancing the allegations that an important part of the stipulations are reserved, or can be implied out of the deed, beyond its language, the law holds that the writing is peremptory proof of what the parties ultimately agreed to between themselves, and that it would counteract more often than advance the understanding of both parties to raise, from a deed like this, engagements not expressed upon its face. 4 Kent, Comm. 474. This case is examined and decided solely upon the points presented by the exceptions and on the argument; that is to say, that the instrument of conveyance is to be regarded a mere grant of title without covenants of assurance, and that the right to retain the verdict rests upon the doctrine that a failure of title under such a grant enables the grantee to recover back the consideration paid, by action of indebitatus assumpsit. Under this view of the law, I am constrained to pronounce the ruling of the judge on the trial of the cause erroneous, and that the exceptions thereto must be sustained. A new trial is accordingly ordered, with costs to abide the event of the suit.