FREDERICK A. NOTHE *vs.* FREDERICK NOMER.

New London Co., March T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

The defendant agreed to purchase certain real estate for the plaintiff, for which the latter furnished him $345 of the $550 to be paid. The defendant purchased the property for the sum agreed and took a deed to himself, mortgaging it back for the unpaid part of the price. The defendant then made a quitclaim deed, had it recorded, and delivered it to the plaintiff, but by mistake had put in another name than that of the plaintiff. The error being discovered the defendant altered the name in part, still leaving it incorrect, and delivered the deed to the plaintiff, who could not read or speak English, and he, supposing the deed to be valid, went into possession of the premises and remained in possession for several months. After a while the invalidity of the deed was discovered and the plaintiff called on the defendant for a new deed, informing him that he was ready to pay the balance of the price, but the defendant refused to give it, and finally he demanded back the money paid unless the deed was given. The defendant refused to give the deed or pay back the money. In an action for the recovery of the money it was held—

1. That as the defendant refused to carry out the agreement the plaintiff had a right to treat it as rescinded.

Nothe *v.* Nomer.

2. That the plaintiff's having taken possession and held it so long, did not, in the circumstances, stand in the way of his abandoning the contract and demanding back the money.
3. That the defendant's absolute refusal to give the deed removed the necessity on the part of the plaintiff of tendering the balance of the price when he demanded the deed.
If a bill of particulars is not specific enough the defendant can move to have it made more so; but the objection comes too late after the case has been tried.

[Argued May 27th—decided June 18th, 1886.]

ACTION to recover money on an account stated; brought to the Court of Common Pleas in New London County, and tried to the court before *Mather, J.* Facts found and judgment rendered for the plaintiff. The defendant appealed. The case is sufficiently stated in the opinion.

*T. M. Thayer* and *C. F. Thayer*, for the appellant.

*S. Lucas*, for the appellee.

PARK, C. J. The plaintiff and the defendant are Germans, and when the transaction in this case occurred the plaintiff could not read or speak the English language, but the defendant could do both.

The defendant, knowing that the plaintiff desired to purchase certain real estate, represented to him that he, the defendant, could make the purchase for the sum of five hundred and fifty dollars. The plaintiff engaged the defendant to make the purchase, and gave him the sum of three hundred and forty-five dollars in part payment of the purchase price. The defendant made the purchase for the sum mentioned, and paid the grantor the sum of three hundred and twenty dollars in cash and gave his note for the balance. The defendant took a deed of the premises in his own name, and mortgaged them to the grantor to secure the note; which mortgage still remains on the property.

Thereupon the defendant made a quitclaim deed of the property, and executed it and had it recorded on the town records, but by mistake inserted therein the name "*Adolph*

*Noda,*" instead of the name of the plaintiff. Soon after the defendant delivered the deed to the plaintiff, when the latter discovered the mistake, and gave the deed back to the defendant, telling him of the mistake in the name. The defendant took the deed, promising to have it corrected; and the plaintiff, relying on the promise, soon after went into the possession of the premises. The defendant had the name *Adolph* erased from the deed, and the name *August* inserted, but the name *Noda* was not disturbed, and the deed in this condition was returned to the wife of the plaintiff, who laid it away for safe keeping. There was no new execution or acknowledgment of the deed. The plaintiff's full name was Frederick August Nothe. He had a son whose name was Adolph Nothe.

About four months after these transactions the plaintiff discovered that the deed returned to his wife was fatally defective, and then informed the defendant that he would pay him the balance due on the property for a good title to it; but the defendant refused to do anything more about the title. The plaintiff afterwards made repeated requests of the defendant for a good title, and was as repeatedly refused, till at last the plaintiff told him that he must give him a good title to the premises or pay him back the money he had paid on the property; but the defendant refused to do either. The plaintiff thereupon demanded back the money he had paid the defendant, which the latter refused to return; and afterwards this suit was brought.

The defendant refused absolutely to carry out his part of the contract by giving the plaintiff a good title to the property, and this was equivalent to an abandonment of the contract on his part, and it gave the plaintiff the right to rescind the contract, and recover back the money he had paid on it; for one party to a contract is never bound to fulfill it, when the other party absolutely refuses to perform his part of it. He may rescind the contract, as the plaintiff did in the present case, when he demanded back the money, and recover the money paid under it, or perform the contract, and recover damages for a breach of it. He

may pursue either course, for both are open to him; for when a party to a contract absolutely refuses to go further under it, he thereby abandons the contract, and cannot afterwards complain if the other party treats the contract as rescinded.

In the case of *Lyon* v. *Annable*, 4 Conn., 350, Chief Justice HOSMER says :—" It is a principle well established that if the purchaser has paid any part of the purchase money, and the seller refuses to complete his part of the contract, the purchaser may make his election, either to affirm the contract, by bringing an action for its non-performance, or disaffirm it *ab initio*, and bring an action for money had and received to his use."

The plaintiff would have been bound to tender the balance of the purchase money, as a condition precedent to the right to claim a good title to the property, if the defendant had not waived it by his absolute refusal to do any thing more regarding the title. In such a condition of things a tender would have been useless, for the refusal in effect so declared it.

The defendant insists that the plaintiff, after going into possession of the property under the contract, and continuing in possession during a period of three months, thus receiving a benefit from the contract, could not afterwards rescind the contract and recover the money paid under it.

But the plaintiff went into possession of the property in consequence of promises made by the defendant to give him a good title; and while he remained in possession he supposed that the deed, returned by the defendant and in the keeping of his wife, gave him such title. Surely the defendant cannot take advantage of his own deception, either knowingly or ignorantly practised upon a man incapable of reading the deed, or learning what was in it from any member of his family; for the case finds that none of them could read it. The defendant is chargeable with deception or fraud, and what was done in consequence of it stands as though it had never been done.

The defendant further insists that the complaint and the

bill of particulars did not sufficiently apprise him of the plaintiff's cause of action, or of the facts he intended to prove.

If the bill of particulars was not specific enough the defendant could easily have had it made more so by application to the court. He chose to go to trial upon the complaint as it was. His answer was a general denial of the facts alleged. He made no objection to the testimony. He evidently knew as much about the case as he cared to.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.