JOSEPH JANULEWYCZ *vs.* JOHN QUAGLIANO.

First Judicial District, Hartford, January Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

A landowner who has given a bond for a deed which has been recorded and upon which an action is pending, is in no position to make a good title to the property to any one but the obligee named in the bond; and if he contracts to do so, but fails to clear the property of the incumbrance at the time agreed upon for passing a good title, the prospective purchaser may rescind the contract by demanding a return of any payments previously made, as he did in the present case, or he may tender the balance of the price and sue for the damages he has sustained by the inability of the landowner to fulfil his undertaking. To hold otherwise would compel a purchaser to buy a lawsuit.

Under such circumstances the time fixed for clearing the title and giving a deed of the property is of the essence of the contract.

The law does not require the performance of a useless act.

A reason of appeal is insufficient which fails to indicate the character of the alleged error in such a way as to give reasonable notice of the grounds of exception which it is intended to urge in this court.

Argued January 9th—decided March 5th, 1914.

ACTION to recover a sum of money paid upon a contract for the purchase of real estate, because of the alleged failure of the defendant to make a good title thereto, brought to and tried by the City Court of Hartford, *Bullard, J.;* facts found and judgment rendered for the plaintiff for $311, and appeal by the defendant. *No error.*

On January 4th, 1912, the defendant, by a written contract with the plaintiff, agreed to sell him a tract of land with the buildings thereon, in the city of Hartford. The defendant at this time received $300 of the purchase price of this property in pursuance of the terms of the written contract. It was agreed "that the said Quagliano in consideration of Three Hundred Dollars,

to him paid by the said Janulewycz, (the receipt whereof is hereby acknowledged) and in further consideration of the promise of the said Quagliano, hereinafter contained, doth hereby promise and agree to and with the said Janulewycz, that immediately upon the faithful performance of the said Janulewycz's agreement hereinafter made, he, the said Quagliano, will on or before the 1st day of February, 1912, make and deliver to the said Janulewycz a good and sufficient warranty deed, containing the usual covenants in such deeds contained, of all that tract of land situate, lying and being in said Hartford, with all the buildings thereon." The contract also recites, "that whereas the said Quagliano is now engaged in a law suit with Gold and Zinman over the premises above referred to, which case is now pending, that he, the said Quagliano will use due diligence and expediency to dispose of said law suit and clear the property, and should the case not be settled by February 1st, 1912, this agreement shall be extended until March 1st, 1912."

At the time of the execution and delivery of this written agreement there was recorded in the Hartford land records a bond for a deed, wherein the defendant agreed and promised to convey to Joseph Gold and Harry Zinman the property in question.

When the agreement between the plaintiff and defendant was made, there was an action pending in the City Court of Hartford, commenced by Gold and Zinman against the defendant, to compel a conveyance of this property to them by reason of a provision in this bond for a deed. The plaintiff made several unsuccessful attempts to secure a mutual rescission of the agreement which he had made with the defendant.

On March 1st, 1912, the plaintiff was ready, able and willing to carry out his part of the agreement, and on said date he requested of the defendant the conveyance

of a good, marketable title of the land described in the agreement. The defendant thereupon tendered to the plaintiff a warranty deed of this tract of land, with the usual covenants in such deeds contained, purporting to convey title to the premises in question. The plaintiff, on account of the bond for a deed and the pendency of the action to compel the transfer of the property, refused to accept the deed which was proffered, and demanded the return of the $300, which the defendant refused to pay.

*Louis H. Katz,* for the appellant (defendant).

*Benedict E. Lyons,* with whom was *David B. Henney,* for the appellee (plaintiff).

RORABACK, J. The language in the contract, "to make and deliver to the said Janulewycz a good and sufficient warranty deed containing the usual covenants in such deeds," meant that the defendant was to convey a good and sufficient title to the tract of land described in the written agreement. There is something more in the contract before us to demonstrate that the parties to it intended that the plaintiff was to have a good record title, and that the claim of Gold and Zinman was recognized as an incumbrance upon the property. The defendant, by the written provisions of the contract, agreed that he would use due diligence to dispose of the law suit of Gold and Zinman, and clear the property of this incumbrance, and that, if the case should not be settled by February 1st, the agreement should be extended to March 1st, 1912. The contract upon its face clearly shows that the bond for a deed, with an action pending to compel a conveyance of this property, constituted a defective title, and the defendant cannot in this action deny it. The agreement shows that the

transaction was to be closed on or before March 1st, 1912. The defendant, when called upon to perform his contract, tendered a warranty deed and refused to repay the $300. The plaintiff was justified in refusing to accept the deed which the defendant tendered to him, when the land and court records disclosed that the property was subject to the incumbrance of Gold and Zinman, a matter which was then being litigated in the courts. To hold otherwise would be to put upon the plaintiff an obligation to contest the title to the property which he had purchased. The court, to use a common expression, "will not compel a purchaser to buy a lawsuit." *Justice* v. *Button*, 89 Neb. 367, 31 N. W. 736, 38 L. R. A. (N. S.) 1, and cases cited in notes on pages 1 to 40; *Welles* v. *Rhodes*, 59 Conn. 498, 506, 22 Atl. 286. The time fixed for the performance of a contract is, at law, deemed of the essence of the contract. If the vendor is not ready, able and willing to perform his part of the agreement on that day, the purchaser may elect to treat the contract at an end. 1 Sugden on Vendors (14th Ed.) 395.

The time fixed for the performance of this contract was on or before March 1st, 1912. At this time the defendant was unable, and refused, to convey to the plaintiff a good title to this property, as he had contracted to do. The plaintiff then had the right to abandon the contract, and elect to treat it as though it were at an end. This was done when he demanded the repayment of the money after the defendant had refused to perform the contract. *Nothe* v. *Nomer*, 54 Conn. 326, 328, 8 Atl. 134; *Lake Shore & M. S. Ry. Co.* v. *Richards*, 152 Ill. 59, 38 N. W. 773, 30 L. R. A. 33, 47, and cases cited on pages 49 and 50.

No objection appears to have been taken by demurrer, or otherwise, to the form of stating this transaction in the complaint or claim for relief. Complaint is now

made that the court erred in overruling the defendant's claim of law, "that the plaintiff could not recover on his complaint." Why the complaint was defective has not been pointed out in the record. It was for the appellant in his appeal to indicate the infirmity in the complaint which he now questions, in such a manner as to give the appellee and this court notice of the grounds of exception which he intended to present. *Walker* v. *Waterbury*, 81 Conn. 13, 15, 69 Atl. 1021. It appears in the plaintiff's brief, however, that the defendant contends that the plaintiff cannot recover because the complaint fails to state that the plaintiff was able, ready and willing to perform his contract. Assuming that the action of the trial court upon this point may be now reviewed by us, it is apparent that it did not err in overruling the defendant's claim upon this question.

The inability and refusal of the defendant to perform upon his part was a sufficient excuse on the part of the purchaser for not tendering the balance due upon the contract. A tender, therefore, upon the part of the plaintiff, and a demand that the defendant should do a thing which he was powerless to perform, would have been an idle ceremony. "The law will not require the performance of a useless act."

Here it is apparent that the defendant did not have the title which he agreed to convey, and there was a breach of his agreement when he was called upon and refused to perform it on March 1st, 1912. The inability and refusal of the defendant to convey at this time gave the plaintiff a choice of at least two remedies: he might have tendered a performance on his part, and have recovered the damages sustained for nonperformance, or he might, after default made by the defendant, have elected to rescind the contract and sue for a recovery of the advancements made thereon. *Nothe* v. *Nomer*,

54 Conn. 326, 328, 8 Atl. 134. Having elected to pursue the latter course, the court below properly rendered judgment for the money which the plaintiff had advanced upon the contract.

There is no error.

In this opinion the other judges concurred.