FRANK J. SOLDATE ET AL. *vs.* E. J. McNAMARA.

First Judicial District, Hartford, March Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

An owner of real estate who has contracted to sell it and to give a good and marketable title at a certain date, is bound to remove or make good a defect in his title within the additional time allowed him therefor by the purchaser on discovering the defect, otherwise the latter is under no obligation to tender the balance of the purchase price; and upon the owner's failure to do this, the purchaser may elect—as in the present case—to rescind the contract and sue to recover any payment theretofore made by him upon it.

Submitted on briefs March 4th—decided April 17th, 1920.

ACTION to recover money paid upon a contract for the purchase of real estate, because of an alleged failure to make a good title thereto, brought to and tried by the City Court of Hartford, *Bullard, J.;* facts found and judgment rendered for the defendant, and appeal

by the plaintiffs. *Error: judgment to be rendered for plaintiffs.*

On April 9th, 1918, the plaintiffs contracted in writing with the defendant to purchase certain real estate of him located on Babcock Street in Hartford, the defendant on his part agreeing to transfer to them "a good and marketable title" to the property at two o'clock in the afternoon of April 12th, following. One payment on the stipulated purchase price was made at once as the contract demanded; the remaining terms of purchase were to be satisfied at the time of the transfer.

When the contract was made there was an existing defect in the defendant's title to the property, then unknown to any of the parties, and which "rendered it questionable and unmarketable." The plaintiffs discovered it next day, notified the defendant, and gave him the option of returning the money already paid and treating the contract as rescinded, or of taking an extension of time to enable him to remove the defect. The defendant chose the latter course, and for that purpose the plaintiffs extended the time for completing the sale of the property for one week—until two o'clock in the afternoon of April 19th, following. The defect remained and had not been removed when the extended time expired, nor did the defendant during that period or at its termination offer to perform his obligations under the contract. After giving the defendant the additional week within which to perfect his own title for the transfer, the plaintiffs did nothing further by way of tender of performance of their part of the contract.

The trial court held that "until such tender was made or excused the plaintiffs acquired no right of action," and solely upon that ground rendered judgment for the defendant. The appeal assigns error in this ruling.

*Terry J. Chapin* and *Benedict E. Lyons,* for the appellants (plaintiffs).

*Francis P. Rohrmayer* and *Joseph H. Lawler,* for the appellee (defendant).

CASE, J.   When the contract was made no impediment to carrying out its full provisions was known to the parties.   The plaintiffs' discovery of the defect in McNamara's title, and his treatment of the offered choice of courses made by them as a result of it, imported a new element into their relations.   By accepting time to enable him to clear his own title, he not only conceded his present inability to fulfil the agreement, but suspended the need of any further action by the plaintiffs until he should have satisfied the single condition on which the extension was accorded him. He never met the requirement, and the result of his failure to perform this prerequisite to the transfer within the time fixed for affecting it, was to put him in default on his whole undertaking.   Under these circumstances a tender of performance by the plaintiffs became as unnecessary through his not acting at all, as it would have been in the face of his positive refusal to meet the obligations of his agreement, and for the same reasons.   "In such a condition of things a tender would have been useless, for the refusal in effect so declared it."   *Nothe* v. *Nomer,* 54 Conn. 326, 329, 8 Atl. 134; *Janulewycz* v. *Quagliano,* 88 Conn. 60, 64, 89 Atl. 897; *Smith* v. *Lewis,* 24 Conn. 624.

The plaintiffs had a choice of remedies.   By one of them they "might, after default made by the defendant, have elected to rescind the contract and sue for a recovery of the advancements made thereon."   *Janulweycz* v. *Quagliano, supra; Lyon* v. *Annable,* 4 Conn. 350. They chose and pursued this course, and for the reasons

given the finding clearly discloses their right to a recovery upon it.

There is error, the judgment is set aside and the cause remanded to the City Court with directions to enter judgment for the plaintiffs to recover the amount already paid upon the contract, with interest thereon from April 19th, 1918.

In this opinion the other judges concurred.