LAWRENCE SIMMONS *v.* ROSE SORRENTINO ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 2-6210-15779M

*(One judge dissenting)*

Argued October 28, 1963—decided April 14, 1964

*Raphael Korff,* of Bridgeport, for the appellants (defendants).

*George N. Finkelstone,* with whom, on the brief, was *Lawrence E. Levy,* of Bridgeport, for the appellee (plaintiff).

KOSICKI, J. This is an action for the recovery by the plaintiff of a deposit made by him to the defendants upon an oral promise to convey certain real estate at an agreed price of $20,500. The complaint is in two counts, the first of which alleges (1) that the plaintiff was desirous of purchasing a home which the defendant Pompeii Sorrentino professed to own; (2) that the plaintiff gave Pompeii a deposit of $500 toward the purchase; (3) that Pompeii knew at the time that he did not own the premises and that they were so heavily encumbered that the title was unmarketable; (4) that he fraudulently induced the plaintiff to give him the deposit of $500; and (5) that the plaintiff made repeated demands

for the return of the money but Pompeii refused to return it. The second count, after incorporating by reference paragraphs (1), (2) and (3) of the first count, alleges that title to said premises was in the name of defendant Rose Sorrentino; that both defendants conspired to defraud the plaintiff; and that the defendant Rose Sorrentino has since sold the premises to another and has refused to return the deposit to the plaintiff.

The defendants admitted receipt of the $500 deposit and that title was in Rose Sorrentino; the remaining allegations were denied. By way of special defense, the defendants alleged an oral contract of purchase and sale for $20,500, the deposit of $500, the readiness of the defendants to convey, breach by the plaintiff's inability to perform, and the subsequent sale of the property to another at a loss. In addition, the defendants counterclaimed, repeating substantially the allegations of the special defense and claiming damages for the plaintiff's breach. These allegations were denied by the plaintiff, and issues were joined on the complaint, answer, special defense, counterclaim and reply. Upon trial to the court, the issues were found for the plaintiff both on the complaint and the counterclaim.

The defendants assign error in the court's denial of their motion for a nonsuit. "[T]he denial of a motion for a nonsuit is not appealable, nor is it assignable error. Maltbie, Conn. App. Proc. . . . [§ 217]." *Cinque* v. *Orlando,* 140 Conn. 591, 593. From the finding of the court, which is not subject to correction, the following facts appear: The defendant Pompeii Sorrentino conducted all negotiations for the sale of the property to the plaintiff. On June 20, 1956, he accepted from the plaintiff a deposit for $500 and gave him a receipt in his name. The agreed

sale price was $20,500, and arrangements were to be made with the attorneys for each of the parties for drawing up a written contract of purchase and sale. The attorney for the plaintiff, in the course of his title search, discovered a number of encumbrances, including three mortgages and two attachment liens. These encumbrances, on their face, substantially exceeded in total amount the agreed purchase price. The attorneys for the parties, over a period of three months, attempted unsuccessfully to arrange for releases of these encumbrances in order to clear the title. No written contract of sale was drawn because of the existing unreleased encumbrances. The court concluded that the defendants were unable to convey a marketable title; that the plaintiff was ready, willing and able to purchase the property; and that the defendants had failed to carry out the terms of their oral contract.

Upon the foregoing facts, the situation presented is comparable to that in *Soldate* v. *McNamara,* 94 Conn. 589, where the plaintiff was permitted recovery of a deposit made by him toward the purchase price of real estate after a defect in title was discovered, resulting in a failure on the defendant's part to perform. The court held (p. 591) that the defendant's default made tender of performance by the plaintiff unnecessary. Although, in the present case, no definite time for closing was stipulated, the defendants were required to perform within a reasonable time, and the court correctly concluded that the delays imposed by the defendants were unreasonable. The plaintiff had a choice of remedies; he could sue for damages for fraud; for damages arising out of breach of contract; or for the recovery of the deposit because of abandonment or rescission of the contract. In the absence of a finding of fraud, we need not consider the allegation of fraudulent nondisclosure except as it may be descriptive of

an inducement to the other allegations of the complaint. In order to recover for breach of contract, the plaintiff might have tendered performance on his part, unless such tender was excused, and have recovered damages for nonperformance by the defendants. *Lunde* v. *Minch,* 105 Conn. 657, 659; *Janulewycz* v. *Quagliano,* 88 Conn. 60, 64. Or, after default by the defendants, the plaintiff might have elected to rescind the contract and sue for the advancements made thereon. *Nothe* v. *Nomer,* 54 Conn. 326, 328. Where there is a defect in the seller's title, as in this case, the purchaser may either affirm the contract, by bringing an action for its nonperformance, or disaffirm ab initio and bring an action for money had and received to his use. *Lyon* v. *Annable,* 4 Conn. 350, 355.

The only assignment of error which merits consideration is that the complaint does not support the ultimate finding because it is grounded on fraud and conspiracy, of which no evidence was offered, and therefore there was a fatal variance between the allegations and proof. We cannot accept the defendants' premise as sound. The allegations of fraud were limited to the issues of nondisclosure of principal and the state of the title. The only effect nondisclosure of principal would have on the case, if the allegation was true, would be to relieve the defendant Rose of liability for damages, in tort or contract, if any had been sought, leaving Pompeii solely responsible. *Diamond Match Co.* v. *Crute,* 145 Conn. 277, 279; *Frederick Raff Co.* v. *Goeben,* 116 Conn. 83, 85. As to nondisclosure concerning the state of the title, the court could have found such nondisclosure fraudulent. Had it done so, recovery could have been had under the rule in *Presta* v. *Monnier,* 145 Conn. 694, 698, where the plaintiff recovered his deposit toward a real estate purchase because of fraudulent representations by the defendant. "To constitute

fraud by nondisclosure or suppression, there must be a failure to disclose known facts, and, as well, a request or an occasion or circumstance which imposes a duty to speak." *Ceferatti* v. *Boisvert,* 137 Conn. 280, 283. The court concluded, on an adequate finding of facts, that the defendants had breached their oral contract because they were unable to convey title to the property free and clear of encumbrances, and that the defendant Pompeii, when he received the deposit from the plaintiff, knew of but failed to disclose the existence of these encumbrances and that the title was not marketable. These findings of ultimate facts fully support the judgment for recovery of the deposit. See *Presta* v. *Monnier,* supra. The absence of any express finding of fraud does not result in a departure in proof from the allegations in the complaint and does not alter the plaintiff's cause of action.

The second count, alleging conspiracy, is, more accurately, not one for conspiracy to defraud but rather for failure to disclose to the plaintiff the true state of the title. "Accurately speaking . . . there is no such thing as a civil action for conspiracy." *Cole* v. *Associated Construction Co.,* 141 Conn. 49, 54. It is doubtful whether this count introduced a separate cause of action, except as it brought in Rose as a defendant, and the court, in finding both defendants equally liable, disposed of the issue, which had bearing only on the allegation of nondisclosure of the principal and owner and had no relation to the remaining allegations and pleadings.

The theory pursued by the parties on the trial was that the issues were whether the plaintiff was entitled to a return of his deposit because of abandonment or rescission of the oral contract and whether there was a breach by the plaintiff for which the defendants could recover damages. "It is unnecessary

to inquire whether or not this was the correct theory. Counsel acted upon it from first to last, and the court doubtless accepted the issue as it was presented, and so decided it. It would manifestly be unfair for us to approach the question from any other point of view." *Knapp* v. *Tidewater Coal Co.,* 85 Conn. 147, 157. "A judgment responsive to the issues and supported by the facts should stand, even if the court's method of reaching its decision might be questionable." *Malone* v. *Steinberg,* 138 Conn. 718, 723; Maltbie, Conn. App. Proc. § 36. It is an established rule in this state that a judgment of the trial court will not be disturbed if any principle of law or equity will sustain it upon the facts found, although such principle was not specifically mentioned by the trial court in its decision. *Thompson* v. *Coe,* 96 Conn. 644, 652. "A valid conclusion of a trial court from facts lawfully found must stand, upon appeal, even when that court has given reasons for reaching its conclusion which may be insufficient." *Slade* v. *Zeitfuss,* 77 Conn. 457, 461; see *Stapleton* v. *Lombardo,* 151 Conn. 414, 417; *Baram* v. *Schwartz,* 151 Conn. 315, 317; *Eastern Oil Refining Co.* v. *Court of Burgesses,* 130 Conn. 606, 611; *Woodward's Appeal,* 81 Conn. 152, 168.

The claim of variance is without merit. "Where the difference between the allegations and the proof is so slight and unimportant that the adverse party is not misled, it is generally treated as an immaterial variance, but where the difference is so substantial that the adverse party is misled by the averment and would be prejudiced on the merits of the case, it may be held to be a fatal variance. *Klein* v. *DeRosa,* 137 Conn. 586, 591 . . . ; *Rose* v. *Van Bosch,* 119 Conn. 514, 518 . . . . We cannot say that the difference between the allegations in the complaint and the court's conclusions is so substantial that the defendants were misled by the averments and were

prejudiced on the merits of the case." *Reciprocal Exchange* v. *Altherm, Inc.,* 142 Conn. 545, 552.

In its finding, the court failed to find damages in a monetary amount. This amount is established, by the complaint, the relief sought and the conclusion reached by the court, as being $500. The judgment file should show the sum of $500 as the amount of damages to be recovered.

There is no error.

In this opinion PRUYN, J., concurred.

LEVINE, J. (dissenting). I do not agree with the opinion of the majority with respect to the assignment of error concerning the variance between the proof and the pleadings. The complaint is in two counts, both alleging a cause of action in fraud. The first count is directed at the defendant Pompeii Sorrentino only and alleges (1) that the plaintiff desired to purchase a home of Pompeii, "who professed to own it;" (2) the plaintiff gave Pompeii a $500 deposit . . .; (3) Pompeii "knew that he did not own said premises" and "[knew] that said premises were so heavily encumbered that title to . . . [them] was unmarketable;" (4) Pompeii knew or should have known the circumstances "and fraudulently induced the plaintiff to give him the deposit;" (5) the plaintiff repeatedly demanded his money, which Pompeii failed and refused to return. The second count is directed at the defendant Rose Sorrentino. It incorporates the first three paragraphs of the first count and adds that (1) title was in Rose; (2) "both defendants knew or should have known all the facts and conspired to defraud the plaintiff of his money;" (3) "the defendant Rose Sorrentino has since sold said premises to another and refused, neglected and failed to return the deposit." The only claim for relief was that "the plaintiff claims $600.00 damages."

The proof offered and the court's finding thereon are in the nature of contract, an issue not properly before the court since it was not within the pleadings. The requirements of proof for recovery based on fraudulent representations are "(1) that they were made as statements of fact, (2) that they were untrue and known by the defendant to be untrue, (3) that they were made for the purpose of inducing the plaintiff to act upon them, (4) that the plaintiff was in fact induced to act upon them, and (5) that in so acting he was legally injured." *Harper* v. *Adametz,* 142 Conn. 218, 227. The allegations of the plaintiff's complaint state a cause of action for fraud in accordance with the requirements of *Harper* v. *Adametz,* supra. The evidence presented, and therefore the judgment thereon, was not suggestive of fraud but rather indicated an action in the nature of contract. Neither the findings nor the conclusions thereon support a judgment of fraud. In fact, the court found that the defendant Rose Sorrentino delivered to her attorney a deed executed by her for the real estate in question and that the defendant Pompeii Sorrentino had a power of attorney for the defendant Rose Sorrentino.

This was not an immaterial variance of no consequence; it was such an error as the losing party could take advantage of on appeal even though no objection was made at the trial to the evidence. However, the defendants did make a motion for nonsuit on the basis of this variance. While the plaintiff properly could have claimed a recovery by reason of rescission of the contract on the evidence presented, he made no move to amend his pleadings, even after the defendants' motion for nonsuit, in spite of the liberality of the rules for amendments. It follows that the judgment was on a cause of action entirely outside of the issues, namely, a cause of action based upon contract, and therefore cannot be supported.

The allegations of fraudulent representation are not supported by proof or evidence of breach of contract, rescission of contract, failure of consideration, or unjust enrichment.

"While our courts have followed a liberal policy in passing upon claims of variance between pleading and proof, it is still the law that the allegations of the complaint provide the measure of recovery." *Antonofsky* v. *Goldberg*, 144 Conn. 594, 599; *Buol Machine Co.* v. *Buckens*, 146 Conn. 639, 642. "The verity of records and the conclusiveness of judgments alike require that the facts determined should be those only which are within the issues joined." *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 378. The fundamental rule is "that a judgment supported by facts which are not involved in the issues raised by the pleadings is erroneous, and . . . the losing party may assert and take advantage of such error even though no demurrer was filed or objection offered to the evidence." *Swist* v. *Swist*, 107 Conn. 484, 488. "[A] judgment cannot be founded on a finding of facts not in issue, although they may have been shown in evidence to which no proper objection was taken." *New Idea Pattern Co.* v. *Whelan*, 75 Conn. 455, 458; *Hill* v. *Employers' Liability Assurance Corporation, Ltd.*, 122 Conn. 193, 201. "The ultimate basis upon which rests the principle that a judgment must ordinarily be restricted to issues reasonably within the scope of the pleadings is that, as to other issues, the adversary party has never been properly brought before the court and hence the court lacks jurisdiction to determine them." *Spitz* v. *Abrams*, 128 Conn. 121, 123.

The majority opinion regards the allegations of fraud as surplusage and deems the remaining allegations sufficient to support an action for breach

of contract or for rescission. If the allegations of fraud are removed, the complaint does not contain a sufficient basis to support an action for breach of contract, rescission, or otherwise. The majority opinion relies upon *Soldate* v. *McNamara*, 94 Conn. 589, which is distinguishable from the present case since the complaint in that case stated a cause of action for rescission of contract, and the recovery was allowed on that ground. It did not concern itself with the question of variance between proof and pleading.

In the view which I have taken of the case, it should be reversed and remanded for a new trial.