[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After a full trial, the court, based upon the preponderance of the credible, relevant and legally admissible evidence finds, determines and rules as follows:
On or about June 18, 1990, the plaintiff, Paul W. Siege, doing business as CU Advisory Services, purchased a 1990 GMC Suburban, from Quality Pontiac GMC Truck, Inc. (Quality) who provided financing on the vehicle. As part of the financing agreement, the plaintiff purchased an extended warranty which was also financed along with the purchase price.
At the same time as the purchase, Quality conveyed all its rights and obligations under the financing agreement to the defendant General Motors, Inc.
On or after the date of sale, the defendant has failed to and refuses to honor the extended warranty or provide benefits under it.
The defendant claims it is not liable under the extended service contract because the plaintiff made no specific claims covered therein.
However, the defendant told the plaintiff that it was not its responsibility to honor the service contract. Confronted with such response the plaintiff was not required to make a specific claim. The law does not require a useless act. Barrett-Nonpareil, Inc. v. Stoll,168 Conn. 79, 83; 357 A.2d 481 (1975): Lebowitz v. McPike, 157 Conn. 235,245; 253 A.2d 1 (1968); Janulewycz v. Quagliano, 88 Conn. 60, 64;89 A. 897 (1914).
The court expressly finds that the defendant as assignee of the retail installment contract and note was required to honor the extended service contract for which it collected payments under the assignment. CT Page 3253
The court also finds that this matter is a contract dispute with regard to the specific contract subject to this litigation and does not rise to a violation of the Connecticut Unfair Trade Practices Act. Therefore, judgment should enter for the defendant on count two of the plaintiff's complaint.
The plaintiff has not proven his allegation that the repossession expenses borne buy him was the result of the defendant's failure to honor the extended service contract.
Accordingly, judgment is entered for the plaintiff, on count one of his complaint, to recover of the defendant, General Motors Acceptance Corporation the sum of $1,295.00, plus legal interest, costs and counsel fees of $400.00.
And, judgment is entered on count two of the plaintiff's complaint for the defendant, General Motors Acceptance Corporation.
SPALLONE STATE TRIAL REFEREE
Judgment enters in accordance with the foregoing Memorandum Of Decision
Jonathon W. Field, Deputy Chief Clerk