HENRY DICK *vs.* SEARS-ROEBUCK & COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued April 12th—decided May 17th, 1932.

*Israel J. Cohn,* for the appellant (defendant).

*Joseph Schwarz* and *William Hanna,* appeared for the appellee (plaintiff), but at the direction of the court did not argue the cause.

MALTBIE, C. J. The plaintiff owned certain premises in Danbury upon which was a building built especially for and peculiarly adapted to the conduct of a retail furniture business. For several years subsequent to 1900 he conducted such a business in the building as an individual, but thereafter it was conducted by a partnership which consisted of himself, his wife and his son, but in which he held the greatest interest. While it was so being conducted he conveyed a lot of land across the street to certain grantees by a deed in which was inserted the following covenant: "The grantees herein, by the acceptance hereof, . . . covenant and agree on behalf of themselves, their heirs and assigns, that they will not rent the premises hereby conveyed for the purpose of conducting thereon a retail or wholesale furniture business and that they will not permit the said premises to be so used for a period of fifteen years from and after the date hereof, and said covenants and agreements are hereby declared to be made the joint and several covenants and agreements of the grantees."

Thereafter the business was incorporated but the plaintiff continued to manage it and to have the largest financial interest in it. The grantees of the lot across the street conveyed it to a corporation and in the deed to it a covenant similar to that quoted was inserted. The corporation constructed a building upon the lot and leased it for a period of ten years from May 1st, 1929, to the defendant, to be used for the sale and storage of merchandise. The lease contained no reference to the covenants in the deeds. The defendant conducts on the premises a general retail department store and since April, 1931, has had in it a department for the sale at retail of articles of household furniture of all descriptions. It has conspicuously advertised the department and has sold furniture

in it to a substantial amount. This has been done in direct competition with the business conducted by the plaintiff, to the substantial injury of that business and the plaintiff's property. The complaint sought and the trial court granted an injunction restraining the defendant from engaging in the retail or wholesale furniture business upon the premises occupied by it.

There can be no question that when the plaintiff conveyed the premises, on which is the defendant's store, both he and his grantees intended that the covenant should be binding not only upon them but upon subsequent grantees of the property. This is indicated by the use of terms in the covenant which bound not only the grantees but also their heirs and assigns; as far as the plaintiff was concerned, its obvious purpose was to protect the furniture business he was conducting across the street from competition, a purpose which would be easily defeated if the grantees might at any time convey the land free of the restriction; and as far as the grantees are concerned, their intent that the covenant should be binding upon their successors in title is shown by the insertion of an identical covenant in the deed by which they conveyed the premises. The language of the covenant and the surrounding circumstances mark it as one the burden of which was intended to run with the land and this intent is an important element in determining its nature. *Bradford Realty Corporation* v. *Beetz,* 108 Conn. 26, 30, 142 Atl. 395. A covenant in a deed which restrains the use to which the land may be put in the future as well as in the present and which might very likely affect its value, touches and concerns the land. *Davis* v. *Lyman,* 6 Conn. 249, 255; Bigelow, The Content of Covenants in Leases, 12 Michigan Law Review, 639, 640.

The intent of the parties and the nature and form

of the covenant established that it was a covenant real. Clark, Covenants and Interests Running with Land, p. 74. Such a restriction as is contained in it is not invalid; a restriction upon the conduct of a certain business upon a particular piece of land for a reasonable purpose and covering a reasonable period does not violate public policy. *Styles* v. *Lyon*, 87 Conn. 23, 86 Atl. 564; *Milaneseo* v. *Calvanese*, 92 Conn. 641, 103 Atl. 841; *Samuel Stores, Inc.* v. *Abrams*, 94 Conn. 248, 252, 108 Atl. 541. The covenant is not against the establishment of a furniture store in competition with that conducted by the plaintiff but against the conduct of a rival furniture business. Considering its purpose it is evident that it would be just as much violated by the conduct of a furniture department of a general retail store as it would be by the establishment of a store devoted exclusively to the sale of furniture, where the result was, as it was found to be in this case, to afford substantial and harmful competition. The maintenance of the furniture department by the defendant falls within the fair intent of the restriction in the covenant. The deeds being of record, the defendant was bound with notice of the covenants contained in them though its lease did not refer to them. *Bauby* v. *Krasow*, 107 Conn. 109, 112, 139 Atl. 508; *Monterosso* v. *Kent*, 96 Conn. 346, 351, 113 Atl. 922.

If the plaintiff still owned the business upon his property there would be no question of his right to enforce the covenant against the defendant. That business, since the making of the covenant, has been incorporated and were the corporation seeking to enforce it we might be confronted with the difficult question of the assignability of the benefits of such a covenant. Clark, Op. Cit., p. 80 and following. It is the covenantee who is seeking to enforce it, and the question is, has he now such an interest as equity ought

to protect by injunction. Conduct contrary to the provision of the covenant would be a breach of it and of itself give him a right at least to nominal damages. *Excelsior Needle Co.* v. *Smith*, 61 Conn. 56, 65, 23 Atl. 693; *Brett* v. *Cooney*, 75 Conn. 338, 341, 53 Atl. 729. But the situation as found by the trial court goes much beyond that. The plaintiff has, in the words of the finding, the largest financial interest in the corporation, and clearly anything that seriously affects its business must affect his interest in it and the income he will receive from it. The substantial damage to the business which the trial court has found to have been caused by the defendant's breach of the covenant gave to the plaintiff such an interest in requiring obedience to it as justified the trial court in granting the injunction, in the exercise of its reasonable discretion.

There is no error.

In this opinion the other judges concurred.