Allen, J.
 

 Two main questions of law are urged here by the plaintiffs in error:
 

 (1) As the petition specifically states that the plaintiffs in error “still own the building in which said Princess Theatre was located,” and since the prayer
 
 *476
 
 of the petition is based upon a contract which in terms applies only to the “use” of the Princess Theatre, it is claimed that the petition does not state a cause of action. In support of this point plaintiffs in error urge that since the Eobeys still own the building no interest in real property has been parted with by them to which a contract such as that set up in the petition may lawfully be attached as an incident.
 

 (2) It is claimed that since the petition prays that the defendants be permanently enjoined from using the building for any kind of public gatherings, when the contract related only to a theatre, there is a fatal discrepancy between the cause of action pleaded and the prayer of the petition.
 

 The petition alleges that the Plain City Theatre Company has duly performed all the conditions of the agreement. Hence the demurrer concedes that the contract set out in the petition has been fully executed; that the Plain City Theatre Company has delivered to the Eobeys $500 in cash, the note for $700.00 set out in the contract, and to H. C. Eobey five shares of the common stock of the Plain City Theatre Company. The plaintiff in error H. C. Eobey hence comes into a court of equity as a stockholder of the Plain City Theatre Company, endeavoring to avoid a contract which he made upon a valuable consideration with the company. This is a circumstance which a court of equity must necessarily consider in the case.
 

 We are aware that courts have often held that a contract restraining the use of property or restraining the continuance of an occupation cannot be upheld unless it is ancillary to a lawful contract or transaction in reference to a matter in which the contractee has a legitimate interest in need of protection. 6 Euling Case Law, 792.
 

 It is also the general rule that contracts which have for their object merely the removal of a rival or competitor in business are unlawful, 13 Corpus Juris,
 
 *477
 
 477. Citing these general principles, it is the contention of the plaintiff in error that in order for the contract pleaded to he valid the Plain City Theatre Company must have acquired an interest in the property or business of the Princess Theatre to which the restraint is a reasonable incident.
 

 However, we are impressed with the fact that in this state it has been held that contracts in restraint of trade are not illegal even though the sale of the business and its good will are not involved except when such contracts are unreasonable in character.
 
 List
 
 v.
 
 Burley Tobacco Growers’ Co-operative Assn.,
 
 114 Ohio St., 361, 151 N. E., 471. For similar holdings by the United States Supreme Court, see
 
 United States
 
 v.
 
 American Tobacco Co.,
 
 221 U. S., 106, 31 S. Ct., 632, 55 L. Ed., 663;
 
 Standard Oil Co.
 
 v.
 
 United States,
 
 221 U. S., 1, 31 S. Ct., 502, 55 L. Ed., 619, 34 L. R. A. (N. S.), 834, Ann. Cas., 1912D, 734.
 

 The restraint agreed on in this contract is partial only. The building may be used for any other purpose than for the holding of public gatherings. The restraint is limited to this one particular building. The Robeys can operate a theatre in any building in Plain City other than the Princess Theatre. Whatever possible error existed in the judgment of the court of common pleas because of its issuing an injunction to operate “forever” is eliminated by the modification of the judgment by the Court of Appeals.
 

 Also this contract was an incident to the conveyance of an interest in property.
 

 When the corporation paid the Robeys $500 in cash, gave them a note for $700, and delivered to H. C. Robey five shares of common stock of the Plain City Theatre Company, it contracted with reference to the business of the Princess Theatre. The consideration for the transfer of the cash, the note, and the five shares of stock was the discontinuance of the business in the building occupied by the Princess Theatre.
 

 
 *478
 
 This restraint of trade was certainly no more unrelated to the conveyance of an interest in property than the restraint agreed upon in the case of
 
 Grasselli
 
 v.
 
 Lowden,
 
 11 Ohio St., 349. In that case it was held that the owner of land may in the exercise of his complete dominion over it, upon a valuable consideration, part with his right to use such land for a specific purpose. Hence when the Eobeys accepted from the theatre company the tangible consideration which they concededly received, they could legally, as they did, part with their right to use the Princess Theatre for a specific purpose. The building which they “still own” is a part of the realty. 11 Euling Case Law, 1081.
 

 Substantial support is found in favor of this doctrine in other states. Thus it was held in
 
 Heichew
 
 v.
 
 Hamilton,
 
 3 G. Greene (Iowa), 596, that an agreement to give up keeping a tavern at a place a half mile from the plaintiff, on the same road, is not in restraint of trade.
 

 In
 
 Ulrich
 
 v.
 
 Hull,
 
 17 Wis., 424, it was held that a covenant not to maintain a mill dam at a particular place is not illegal.
 

 Johnson
 
 v.
 
 Gwinn,
 
 100 Ind., 466, was a case in which A, a livery stable keeper, sold his stock partly to B and partly to C, agreeing not to engage in business in the same stable for five years. It was held that the agreement was valid, although in restraint of trade.
 

 A more recent decision along the same line is
 
 Horany
 
 v.
 
 Treese,
 
 91 Okl., 264, 217 P., 396, which held: “An oral contract by the terms of which a party agrees not to equip and operate a competing moving picture show house in a particular building, where the other party to the contract owns and operates, in another building, the only show in the town, is not void as contravening public policy where it is shown that the agreement does not prevent his opening and operating such show in any other building or place in the town.”
 

 Meridian Amusement Compamy of Illinois
 
 v.
 
 Home
 
 
 *479
 

 Theater Company,
 
 215 Ill. App., 479, holds in the fourth paragraph of the syllabus: “A contract executed contemporaneously with the sublease of a theater building for a moving picture show whereby the sublessor, which was the lessee of another theater building near by, agreed not to conduct a moving picture show therein,
 
 held
 
 a valid and binding contract supported by good consideration.”
 

 A recent and authoritative decision upon the same point is to be found in
 
 Dick
 
 v.
 
 Sears-Roebuck & Co.,
 
 115 Conn., 122, 160 A., 432, in which the Supreme Court of Errors of Connecticut held that a restriction upon the conduct of a certain business upon a particular piece of land for a reasonable purpose and covering a reasonable period of time does not violate public policy. Hence we overrule the first contention of the plaintiffs in error.
 

 It is also urged that the judgment in this case should be reversed because the petition prays for a permanent injunction against the use of the building for public gatherings of any kind, whereas the contract related only to the Princess Theatre. The contract, however, speaks of the Princess Theatre from two points of view. In the second paragraph of the petition, where it is alleged that the defendants owned and operated a theatre, it is evident that the pleading speaks of the operation of a theatre business. In the contract pleaded, where the defendants agreed to forever discontinue the use of the Princess Theatre as a show house, or auditorium for the use of public gatherings of any kind, it is evident that the parties were speaking of the theatre as a building.
 

 Since the judgment of the court did not enjoin the use of the building for any other purpose except that for which the parties agreed that it should not be used, the judgment as entered is responsive to the allegations of the petition and the plaintiffs in error’s second contention is overruled.
 

 
 *480
 
 The contract is reasonable, based upon an adequate and valuable consideration, not invalid as being in restraint of trade, and the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Stephenson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.