STUART H. V. CARLSON *v.* HARRY LIBBY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 10—decided December 19, 1950

*Jay E. Rubinow*, with whom were *Leon Podrove* and, on the brief, *John D. LaBelle*, for the appellant (defendant).

*Valentine J. Sacco*, with whom was *Harold W. Garrity*, for the appellee (plaintiff).

INGLIS, J. The parties in this case are in dispute as to what right, if any, the plaintiff has to the use of a railroad siding which is owned by the defendant and extends in part over the plaintiff's land. The finding, in which no changes may be made, discloses that the controversy arises out of a deed given by Cheney Brothers to Valvoline Oil Company on April 16, 1921. At that time Valvoline Oil Company owned property in Manchester which abutted property of Cheney Brothers on the east. The land of both was bounded on the south by the right of way of the New York, New Haven and Hartford Railroad Company. The deed in question conveyed to Valvoline Oil Company and its successors and assigns "all such rights as are necessary and convenient for it to have for the proper construction and maintenance of a railroad siding for trackage purposes over" a described triangular tract of the grantor's land adjacent to the railroad property. From the description, it is apparent that the purpose of the parties was to permit Valvoline Oil Company to construct and maintain a siding extending westerly from its property over the strip described and then over the property of the railroad company to connect with the main tracks of the railroad.

Following the description, the deed contains these provisions: "It is understood and agreed that the above grant is hereby made and accepted subject to the

following conditions: 1. That the right granted aforesaid shall continue only so long as the said trackage is used for car service facilities in connection with the use of the property [contiguous] on the East to the above described [triangular] tract belonging to the Grantee, its successors and assigns, and if at any time, the said trackage is removed, abandoned, or the use thereof discontinued by the owner of said contiguous property on the East as aforesaid, then and thereupon the above grant is to become null, void and of no effect. 2. That the owners, whomsoever they may be, of the land contiguous on the North to the above described [triangular] tract shall be given at all times without charge therefor the use of said siding or [track] for the loading or unloading opposite their respective properties such Railroad cars as may be necessary and convenient for them."

The plaintiff is now the owner of the triangular tract described in that deed and of the land contiguous on the north. He acquired title from Cheney Brothers by two deeds dated December 5, 1938, and February 5, 1947, respectively. In each of these conveyances it is stated that the land conveyed is "subject to an easement for and in connection with the construction, maintenance and repair" of the railroad siding described in the deed to Valvoline Oil Company. Neither deed makes any specific reference to the right of Cheney Brothers to use the siding, but the land was conveyed together with its appurtenances.

On August 28, 1942, Valvoline Oil Company conveyed to the defendant its property "Together with all such rights, title and interest, which the grantor . . . may have, or claim to have, or are, or as may be appurtenant to the above described pieces or parcels of land, see - - - deed of Cheney Brothers to the Valvoline Oil Company . . . dated April 16th., 1921. . . ." The rec-

ord is devoid of any finding as to when the siding was built, but it was built by Valvoline Oil Company as contemplated in the deed of April 16, 1921. It extends from the defendant's land westerly across the land of the plaintiff about seventy feet and continues for several hundred feet on the land of the railroad company until it connects with the main tracks of the latter. The defendant now owns, maintains, repairs and uses it. There is still in effect a contract dated October 28, 1942, between the defendant and the railroad company whereby the latter agreed to continue to treat the siding in question as a sidetrack and to switch to and from it carload freight consigned to and from the defendant. This contract provides that the defendant shall maintain the siding in proper condition, that he shall not assign or lease or otherwise convey any right to its use except with the written consent of the railroad company and that the contract is terminable on thirty days' notice by either party.

The plaintiff is engaged in the trucking business, and it is necessary and convenient for him to use the siding for loading and unloading railroad cars on the premises which he acquired from Cheney Brothers. The railroad company is willing to "spot" cars on the siding for him, but only with the permission of the defendant. The defendant refuses to grant that permission unless the plaintiff will pay him a consideration for the privilege.

The essence of the deed of April 16, 1921, was that Cheney Brothers conveyed to Valvoline Oil Company, its successors and assigns, a conditional easement to construct and maintain the siding and that the grantee covenanted with the grantor that the owners, whoever they might be, of the land then owned by the grantor to the north of the strip which was made subject to the easement might use the siding without charge. It is

upon this covenant that the plaintiff predicates his case. That it was the intent of the parties that the provision was to be construed as a covenant rather than a condition is apparent from all of the attendant circumstances. The principal question in the case, therefore, is whether this covenant was a covenant real. An affirmative answer depends on the existence of two factors: first, that the benefit of the covenant runs with the land now owned by the plaintiff, and, second, that its burden runs with the easement now enjoyed by the defendant.

Whether a promise with respect to the use of land is a covenant real as distinguished from a personal covenant depends upon the intent of the parties to the promise, to be determined in the light of the attendant circumstances. If it touches the land involved to the extent that it materially affects the value of that land, it is generally to be interpreted as a covenant which runs with the land. *Dick* v. *Sears-Roebuck & Co.*, 115 Conn. 122, 125, 160 A. 432; *Randall* v. *Latham*, 36 Conn. 48, 53.

So far as the benefit of the covenant in question is concerned, it is to be noted that it provides in terms that those who are given the right to use the siding are "the owners, whomsoever they may be, of the land contiguous on the North." On its face, the benefit of the covenant is not limited to Cheney Brothers. It is extended to any person who might in the future own the land then owned by Cheney Brothers. Moreover, the right to use the siding convenanted for was one which clearly enhanced the value of the covenantee's land. It was, therefore, a covenant which ran with the land and came to the plaintiff as an appurtenance when he took title to the land. *Randall* v. *Latham*, supra, 52; see *Chappell* v. *New York, N. H. & H. R. Co.*, 62 Conn. 195, 204, 24 A. 997. There are two cases in other juris-

dictions which are closely analogous to the present case in that each of them involved a covenant, on the part of a railroad company, to run a sidetrack to serve land of the covenantee. They are *Lydick* v. *Baltimore & O. R. Co.*, 17 W. Va. 427, and *Whalen* v. *Baltimore & O. R. Co.*, 108 Md. 11, 69 A. 390. In both cases it was held that the covenant ran with the land. Clearly, the plaintiff in the instant case as the grantee of Cheney Brothers is entitled to enforce the covenant.

On the question whether the burden of the covenant has fallen upon the defendant, it should be noted in the first place that, by the fact that Valvoline Oil Company accepted the deed in which it was stated that it agreed that Cheney Brothers should have the right to use the siding, the oil company bound itself to that covenant even though it did not sign the document. *Hubbard* v. *Ensign*, 46 Conn. 576, 582; Restatement, 5 Property § 532, comment c. The oil company having bound itself to the promise, it was not essential, for the covenant to be binding on its successors and assigns, that the oil company should so agree in express terms. 7 Thompson, Real Property (Perm. Ed.) § 3625.

In approaching the question whether the covenant with which we are concerned in so far as it is a burden is a covenant real, it must first be determined what the land was with which it was to run. The promise was made not in connection with the transfer of the fee of any land. It was made in connection with the grant of an easement. The burden of a covenant will run with land only when the transaction of which the covenant is a part includes a transfer of an interest in land which is either benefited or burdened thereby, or the covenant is made in the adjustment of the mutual relationships arising out of the existence of an easement held by one of the parties in the land of the other. Restatement, 5 Property § 534. If it is made in connec-

tion with a transfer of property, as was the situation in this case, it is not essential that the transfer be of the fee to the land. It is adequate if it is the grant of an easement. Restatement, 5 Property § 534, comment e; *Lydick* v. *Baltimore & O. R. Co.*, supra, 439; *Howard Mfg. Co.* v. *Water Lot Co.*, 53 Ga. 689, 693; *Atlanta, K. & N. Ry. Co.* v. *McKinney*, 124 Ga. 929, 932, 53 S. E. 701, 6 L. R. A. (N. S.) 436 and note; *Maxon* v. *Lane*, 102 Ind. 364, 368, 1 N. E. 796. Accordingly, the fact that the covenant made by Valvoline Oil Company was made in connection with a grant to it of an easement rather than a conveyance of land does not preclude the covenant from being real rather than personal. If the burden of it runs with anything, it runs with the easement of the right to construct and maintain the siding.

To determine whether the covenant does run with the easement we seek the intent of the parties. *Dick* v. *Sears-Roebuck & Co.*, 115 Conn. 122, 125, 160 A. 432. The covenant is not in express terms made binding on the successors and assigns of Valvoline Oil Company. It is apparent, however, that it touched the easement in the sense that the right to use the siding promised to Cheney Brothers and its successors in ownership diminished the value of Valvoline Oil Company's easement itself. It was the design of the parties to the deed of April 16, 1921, that the siding should be used by them mutually. It could hardly have been their intent that the right of Cheney Brothers and its successors to use the siding should be cut off by the conveying of the easement by the Valvoline Oil Company and yet the right of the oil company's grantees to use it should continue. Clearly, the intent of the parties was that the burden of the covenant should run with the easement, and we therefore conclude that it did so run. See *Reidsville & S. R. Co.* v. *Baxter*, 13 Ga. App. 357, 79 S. E. 187.

From the foregoing it is apparent that the benefit of the covenant runs with the land owned by the plaintiff and the burden of it runs with the easement now enjoyed by the defendant. Accordingly, the covenant is a covenant real.

We come to the question of the proper construction of the language of the covenant. The defendant contends that, inasmuch as the easement granted was the right to construct and maintain the siding on the land of Cheney Brothers only, when the covenant provided that Cheney Brothers should have the use "of said siding" it referred solely to so much of the siding as was on Cheney Brothers' land. This contention overlooks the fact that earlier in the deed the grant of the easement was stated to be for the purpose of "the proper construction and maintenance of a railroad siding." A siding, at least a proper siding, is a spur track making a connection with some railroad affording communication with a market. See 44 Am. Jur. 450, § 231. An isolated piece of track not connected with a railroad could hardly be referred to as a siding. It is clear, therefore, that when the covenant speaks of a siding it refers to an entire track connected with the main tracks of the railroad.

The defendant makes the further contention that no declaratory judgment should have been entered in the case concerning that portion of the track which is on the railroad company's land because that company is not a party. The declaratory judgment entered adjudges that the plaintiff has the right to use without charge the siding located on his property for loading and unloading cars and also the right to use without charge, in order to accomplish that purpose, the siding or track owned by the defendant on land of the railroad company. That is, it adjudges only the obligations of the defendant under the covenant. It does

not purport to adjudicate any obligations of the railroad company.

The judgment enjoins the defendant from interfering with the plaintiff's right to use the siding and orders him to grant such permission as is necessary for the plaintiff to make use of that right. Here again no obligations of the railroad company are adjudicated. Specifically, it does not require the railroad company to waive the provisions of its contract with the defendant that he may not assign his right to use the siding without the railroad company's written permission or that the contract may be terminated by the railroad company on thirty days' notice. The relief granted is suitable in equity to compel the performance by the defendant of his obligation under the covenant.

There is no error.

In this opinion the other judges concurred.