BRUCE SINGER *v.* JOHN Y. K. WONG

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 585

Argued April 19—decided September 29, 1978

*Everett F. Fink,* for the appellant (defendant).

*Richard P. Weinstein,* for the appellee (plaintiff).

ANTHONY J. ARMENTANO, J. The finding of facts may be summarized as follows: On December 3, 1968, James H. Nilsson, the John Romano Construction Co., and the defendant executed a bond for deed providing for the sale to the defendant of ten acres

of land located at the easterly intersection of route 5 and North Road in the town of East Windsor. The bond for deed contained clauses providing: (1) that the buyer would not use the premises as a retail shopping center and that the sellers would not permit a restaurant on other lands of the sellers for a ten-year period, which provision was to survive the conveyance; (2) that the sellers would deliver a good and sufficient warranty deed free and clear of all encumbrances to the buyer; and (3) that the agreement would be binding on the parties, their heirs, administrators, successors and assigns. This bond for deed was recorded in the East Windsor land records on December 20, 1968. On April 17, 1969, the defendant purchased the property.

On January 21, 1972, the plaintiff and the defendant executed an agreement wherein the plaintiff, for a consideration of $3000, was given a ninety-day option to purchase the ten acres of land from the defendant for the price of $200,000. The option agreement contained a clause providing that the plaintiff could exercise his option to purchase the real estate within a ninety-day period, and the defendant agreed to convey the real estate "by good and sufficient warranty deed free and clear of all encumbrances, according to the Connecticut Bar Association Standards of Title, as of record appear, except building, building line, zoning restrictions, and such a state of facts as an actual inspection or accurate survey would show." At the time the plaintiff executed the option agreement, he was not aware of any restrictions on the use of the premises.

About March 21, 1972, after a title search, the attorney for the plaintiff requested a release of the restriction on the use of the property as a retail shopping center. The attorney for the defendant made it clear that he would not obtain a release of the use restriction and thereafter did not even

attempt to obtain one. On or about March 22, 1972, the plaintiff, by virtue of personal funds and a bank commitment, had the ability to pay the entire purchase price, but he did not exercise his option, in part, owing to the use restriction on the property. The option agreement expired on April 21, 1972. The defendant refused to return the $3000 consideration after a request for it had been made by the plaintiff.

The defendant has appealed from the judgment for the plaintiff assigning numerous claims of error. Those which have not been briefed are considered abandoned. *State* v. *Crawford,* 172 Conn. 65, 66; *Gebrian* v. *Bristol Redevelopment Agency,* 171 Conn. 565, 570. In his brief, the defendant claims that the court erred (1) in finding facts which were inconsistent and in using language of doubtful meaning; (2) in rendering judgment for the plaintiff when the conclusions reached by the court are not supported by the subordinate facts; and (3) in failing to adopt the defendant's claims of law. We have examined these claims and conclude that they lack merit, that the finding of subordinate facts amply supports the conclusions reached and that no erroneous rule of law was applied by the trial court in rendering judgment for the plaintiff.

The defendant claims inconsistencies between the trial court's finding and its memorandum of decision. The memorandum of decision establishes no facts. *Wagner* v. *Zoning Board of Appeals,* 153 Conn. 713, 714. "Where a conflict exists between a memorandum of decision and a finding, the cause is to be decided upon the facts found, rather than upon those appearing in the memorandum of decision." *Laske* v. *Hartford,* 172 Conn. 515, 517.

The plaintiff contends that the provision contained in the recorded bond for deed, that the premises shall not be used as a retail shopping

center, is a restrictive covenant running with the land which must be released. On the other hand, the defendant contends that this restrictive provision is a personal covenant not running with the land and need not be released.

"Whether a promise with respect to the use of land is a covenant real as distinguished from a personal covenant depends upon the intent of the parties to the promise, to be determined in the light of the attendant circumstances. If it touches the land involved to the extent that it materially affects the value of that land, it is generally to be interpreted as a covenant which runs with the land." *Carlson* v. *Libby,* 137 Conn. 362, 367.

To determine whether the restrictive covenant runs with the land, we seek the intention of the parties. The bond for deed recites that the "agreement shall be binding on the parties hereto, their heirs, administrators, successors and assigns." It further recites that "this provision shall survive the conveyance." The insertion of these two provisions in the bond for deed, in view of the language used, indicates that it was the intention of the parties that the restrictive covenant run with the land.

The court found that the purpose of the restrictive language in the bond for deed was to protect the viability of the Geisler shopping center approximately one mile from the subject property. Geisler was Nilsson's father-in-law. Both Nilsson and Geisler had a proprietary interest in the Geisler shopping center. The owners of this center were fearful that the defendant would develop a retail shopping center in competition with them. The circumstances surrounding the incorporation of the restrictive covenant in the bond for deed, which circumstances are an important element in determining the nature of the restriction, support the position that it was intended that the restriction run with the land.

"A covenant in a deed which restrains the use to which the land may be put in the future as well as in the present and which might very likely affect its value, touches and concerns the land." *Dick* v. *Sears-Roebuck & Co.*, 115 Conn. 122, 125. In the matter at bar, the restrictive use materially affects the value of the land.

We conclude that the intent of the parties and the nature, form and language of the restrictive covenant establish that it is a covenant real and runs with the land.

The trial court found that the defendant made it clear that he would not obtain a release of the restriction and that he did not even attempt to obtain one. A release of the restriction was necessary to furnish a title "free and clear of all encumbrances" as called for in the option agreement. By refusing to obtain the release, the defendant voluntarily put it out of his power to furnish the plaintiff the deed called for in the option agreement. The plaintiff would have been bound to tender the balance of the purchase money, as a condition precedent, if the defendant had not waived such a tender by his absolute refusal to do anything more regarding the restriction on the title. Under the circumstances, a tender would have been useless. *Nothe* v. *Nomer*, 54 Conn. 326, 329.

Although the defendant claims that a different rule should apply to an option contract as compared to a contract of sale, the weight of authority indicates to the contrary. If the option requires the conveyance of a good title and the title is defective or subject to an encumbrance which it is the duty of the owner to remove, the holder of the option may rescind and recover the consideration paid for the option. 77 Am. Jur. 2d, Vendor and Purchaser, § 47. An outright refusal by the owner to convey

land in accordance with the terms of the option, which has been communicated to the option bidder before expiration of the option period, makes it unnecessary for the holder to exercise the option in order to preserve his rights. *Behrman* v. *Max,* 102 Fla. 1094, 1099; *Fritts* v. *Gerukos,* 273 N.C. 116, 120. The plaintiff was excused from tendering full performance on his part as a condition to recovery. *Lunde* v. *Minch,* 105 Conn. 657, 663. The law does not require a party to undertake a futile act. *Soldate* v. *McNamara,* 94 Conn. 589, 591.

A final claim of the defendant is that as the warranty deed to the defendant contained no use restrictions, the restriction contained in the bond for deed was extinguished. The defendant relies on the presumption that a grantor conveys his land free from any reservations except such as he has expressed in his own grant. 23 Am. Jur. 2d, Deeds, § 270. The presumption is, however, rebuttable and in light of the insertion in the bond for deed that the use restriction recited therein "shall survive the conveyance" of the land, the trial court was justified in finding that the presumption was rebutted.

There is no error.

In this opinion PARSKEY and D. SHEA, Js., concurred.