[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
The plaintiffs wish to use land they own in a manner that is contrary to a restrictive covenant and are uncertain of their right to do so. Hence, on December 7, 1995, the plaintiff's filed this declaratory judgment action seeking to determine the legal effect of the restrictive covenant upon their land.
On July 10, 1996, the plaintiffs filed a motion for summary judgment. Therein, the plaintiffs claim that there remains no genuine issue of material fact, and the material facts reveal that, as a matter of law, the plaintiffs are not bound by the restrictive covenant because the covenant was not made by the plaintiffs and the covenant does not run with the land.[1]
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' (Internal quotation marks omitted.) Millerv. United Technologies Corp., 233 Conn. 732, 744-45, 660 A.2d 810
(1995). `In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .' (Internal quotation marks omitted.) Id.,
745 . `The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; D.H.R. Construction Co. v.Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381.' (Internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994)." Doty v. Mucci, 238 Conn. 800, 805-06, 679 A.2d 945
(1996).
The evidence establishes that the plaintiffs were not parties to the making of the restrictive covenant. The restrictive covenant was agreed to in writing on June 4, 1942, by Stonegate, CT Page 9046 Inc. (Stonegate) and The Modern Development Co. (Modern). See Plaintiffs' EXhibit D in Support of the Motion for Summary Judgment (certified copy of the agreement) (hereinafter Plaintiffs' Exhibit D).[2] By the express terms of the restrictive covenant three adjoining parcels of land were made subject to the covenant's force, two of which, according to the restrictive covenant, were owned by Modern, the other by Stonegate. See Id., (wherein Modern and Stonegate acknowledge ownership); see also Affidavit of Attorney John R. Curran (Curran Affidavit) ¶¶ 17-19 (land records confirm the acknowledged ownership on the date of the restrictive covenant). The plaintiffs are successors in interest to a large portion of one of the parcels that was owned by Modern and made subject to the restrictive covenant. The issue raised by the plaintiffs is whether the restrictive covenant runs with the land and binds the plaintiffs to its terms as successors in interest to Modern.
In order for a covenant to run with the and, certain prerequisites must be satisfied. See, e.g., Restatement, Property § 530-537. The plaintiffs argue that when Modern and Stonegate entered into the restrictive covenant they failed to satisfy two of the prerequisites required for a covenant to run with the land, namely, that (1) "the transaction of which the covenant is a part includes a transfer of an interest in land which is either benefited or burdened thereby, or the covenant is made in the adjustment of the mutual relationships arising out of the existence of an easement held by one of the parties in the land of the other."; see Carlson v. Libby, 137 Conn. 362, 368,77 A.2d 332 (1950), citing Restatement, Property, § 534; and (2) the covenant touches and concerns the land involved to the extent that it materially affects the value of the land. See id.
Taking the claimed insufficiencies in reverse order, the plaintiffs assert that "[w]hen Stonegate and Modern entered into the [covenant] or at any time before or after its execution it cannot be said that its existence `materially affected the value' of the land." Plaintiffs' Memorandum in Support, p. 6. The plaintiffs, however, fail to provide any analysis to support their assertion that the covenant does not materially affect the value of the land subject to its terms. The court therefore cannot conclude that the evidence submitted establishes that there remains no genuine issue of material fact as to whether the covenant affects or affected the value of the plaintiffs' land.
The plaintiffs further assert that there is no genuine CT Page 9047 issue of material fact that the covenant was not part of a transaction that included a transfer of an interest in land which was either benefited or burdened by the covenant, or, that adjusted the mutual relationships arising out of the existence of an easement held by one of the parties to the covenant in the land of the other. The court finds, however, that there remains a genuine issue of material fact as to whether the covenant was part of a transaction that included a transfer of an interest in land that was either benefited or burdened by the covenant. The restrictive covenant and the affidavit of Attorney Curran indicate that on the date the covenant was agreed to, June 4, 1942, Modern was the record owner of lot 19, a parcel of land that was subject to the covenant. See Plaintiffs' Exhibit 3 (wherein Modern and Stonegate acknowledge ownership); see also Curran Affidavit, ¶¶ 17-19 (land records confirm the acknowledged ownership on the date of the restrictive covenant). It appears from the evidence, however, that 8 months earlier Stonegate owned lot 19. A map filed on the land records, entitled "Map No. 1 Knollwood Park Fairfield, Connecticut, October 10, 1941," indicates that on or about October 10, 1941, Stonegate was the record owner of lot 19. See Plaintiffs' Exhibit C in Support of Motion for Summary Judgment (certified copy of the map). This evidence therefore raises an issue of fact as to whether between October 10, 1941, the date of the map, and June 4, 1942, the date of the covenant, Stonegate transferred ownership of lot 19 to Modern, and whether the covenant was a part of said transfer.
For the reasons stated, the motion for summary judgment is denied.
SO ORDERED:
L. Hauser, J.
JUDGE OF THE SUPERIOR COURT