[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FACTS
The plaintiff, Charles F. Nejame Company, Inc., brings this appeal from a decision of the defendant, Zoning Board of Appeals of the City of Danbury, sustaining a cease and desist order issued by Zoning Enforcement Officer, Wayne Skelly.
The cease and desist order, dated December 22, 2000, concerns property located on Rose Street, Assessor's Lot Number H13289.
The property is located in a C-CBD zone consists of 19,602 square feet, or .445 acre.
The surface of the property is blacktop, and it is situated approximately one hundred feet east of the corner of Rose Street and Main Street, where the plaintiff operates a business engaged in the selling and installation of swimming pools.
Although the plaintiff is referred to as a lessee of the property in all briefs submitted, the testimony at trial revealed that no written lease agreement exists between the plaintiff and Amphenol Corporation, the owner of the property.
The cease and desist order was directed only to Charles F. Nejame Company, Inc.
The owner of the property was not a party to any proceedings before the Zoning Board of Appeals, and is not a party to this action.
The cease and desist order claimed (ROR 2): "Parking and storage of construction equipment and various commercial vehicles; such as tanker trucks, dump body trailer within the C-CBD zone" violates specific provisions of the zoning regulations of the City of Danbury.
The plaintiff appealed the issuance of the cease and desist order to the Zoning Board of Appeals of the City of Danbury.
A hearing was conducted on March 8, 2001 (ROR 12).
The zoning enforcement officer presented testimony concerning the storage of commercial equipment and commercial vehicles on the property, and produced several photographs (ROR 8). CT Page 15135
He further provided the Board with a history of the plaintiff's attempts to secure space in which to store commercial equipment in a C-CBD zone (ROR 12, pp. 2-4).
The plaintiff contended that he was using the property for the parking of his vehicles and not for storage of the machinery.
He further claimed that all of the equipment meets the definition of "motor vehicle" contained in the General Statutes, and that he is not storing equipment on the property.
The Board voted unanimously to uphold the cease and desist order.
In giving the reasons for its action, the Board found (ROR 12, p. 17): (1) the storage of construction equipment is not permitted in a C-CBD zone, and long-term storage of the equipment is not permitted, and (2) there was no evidence that the storage was transient, for a limited period of time.
From that decision, the plaintiff brings this appeal.
 AGGRIEVEMENT
At trial, Charles F. Nejame, the president of Charles F. Nejame Company, Inc., testified that he is using the parcel which is the subject of the cease and desist order with the permission of the owner, Amphenol, Inc.
The property owner was not named in the cease and desist order and was not a party to the proceedings before the Zoning Board of Appeals of the City of Danbury.
Nejame testified that he is using the property with the permission of the owner, although he has no lease or other written instrument with Amphenol Corporation.
Should his appeal of the cease and desist order prove successful, Nejame explained that the property owner has promised to enter into a lease arrangement.
No consideration for the use of the property has been paid to Amphenol other than Nejame's agreement to clean the property.
The plaintiff also produced a commercial general liability insurance policy (Exhibit 1), naming Amphenol Corporation as an additional insured CT Page 15136 regarding use of the parcel.
The plaintiff argues that he is aggrieved by the decision of the Zoning Board of Appeals based upon his continuing use of the property and the oral promise of the owner to enter into a lease agreement should the contest to the cease and desist order be successful.
Neither the length of the contemplated lease or material terms such as the consideration have been negotiated.
The testimony reveals that Charles F. Nejame Company, Inc. is using the property with the permission of the owner, but without a Lease arrangement of any kind.
Therefore, as a licensee, the plaintiff has a mere privilege to use the land of another. Clean Corp. v. Foston, 33 Conn. App. 197, 203 (1993).
Unlike a lease agreement, a license in real property is defined as a personal, revokable and unassignable privilege to do a certain act or certain acts on property owned by another. State v. Grant, 6 Conn. App. 24,29 (1986).
A license does not create a possessory interest in land. State v.Allen, 216 Conn. 367, 380 (1990). It does not run with the land and is not binding upon a subsequent purchaser or lessee. Carlson v. Libby,137 Conn. 362, 367-68 (1950).
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307 (1991).
The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 508 (1968).
A party claiming to be aggrieved must satisfy a two-fold test: (1) the party must demonstrate a specific personal and legal interest in the decision appealed from as distinct from a general interest, such as concern of all members of the community as a whole, and (2) the party must show that the specific personal interest has been specifically and injuriously affected by the action of the agency. Primerica v. Planning Zoning Commission, 211 Conn. 85, 93 (1989); Hall v. Planning Commission,181 Conn. 442, 444 (1980).
Here the plaintiff has no legally enforceable interest in the property which is the subject of the cease and desist order. CT Page 15137
He has no interest by way of a contract to purchase, a written lease, an option or a mortgage, which would justify a finding of aggrievement.Shapero v. Zoning Board, 192 Conn. 367, 376 (1984); Lanna v. Greene,175 Conn. 453, 461 (1978); Goodridge v. Zoning Board of Appeals,58 Conn. App. 760, 767 (2000); Goldfeld v. Planning Zoning Commission,3 Conn. App. 172, 176 (1985).
He enjoys, however, a license to use the property in connection with an ongoing commercial enterprise. That ability to utilize the property would be terminated should the decision of the Zoning Board of Appeals be sustained.
Furthermore, there is the expectation of a lease agreement should the present use of the property be sanctioned.
Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been affected. Pomazi v. Conservation Commission, 220 Conn. 476, 483 (1991).
A plaintiff need not have a legally enforceable interest in the property which is the subject of the agency decision in order to have an interest which is distinguished from a general interest, such as concern of all members of the community as a whole. DiBonaventura v. Zoning Boardof Appeals, 24 Conn. App. 369, 376 (1991).
In DiBonaventura, the Appellate Court concluded that a plaintiff who did not have any formal written consent to use a parcel as a motor vehicle dealer's and repairer's facility was aggrieved by the decision of the zoning board of appeals, denying his application for approval of the location for that purpose.
The court reasoned that it was appropriate for a trial court to consider the plaintiff's ultimate goal of securing a state license when determining whether aggrievement had been proven. DiBonaventura v. ZoningBoard of Appeals, supra, 376.
It was further noted that a formal written lease from the property owner, the plaintiff's father, would have unambiguously satisfied the aggrievement test.
Given the Appellate Court's willingness in DiBonaventura to find aggrievement even in the absence of a legally enforceable interest in the subject property, this court will not impose such a requirement upon the plaintiff, Charles F. Nejame Company, Inc.
Use of the property including some maintenance and cleaning work, CT Page 15138 coupled with the commitment of a written lease in the future confirming the status quo, are sufficient to meet the first prong of the aggrievement test, in light of the elasticity of DiBonaventura.
It is, therefore, found that the plaintiff has a specific personal and legal interest in the decision of the defendant, Zoning Board of Appeals of the City of Danbury.
It is further found that the plaintiff's interest has been specifically and injuriously affected by the action of the Zoning Board of Appeals.
The plaintiff is, therefore, aggrieved for purposes of this appeal.
 STANDARD OF REVIEW
When hearing an appeal from a decision of a zoning enforcement officer pursuant to § 8-7 of the General Statutes, a zoning board of appeals hears and decides the appeal de novo. Caserta v. Zoning Board ofAppeals, 226 Conn. 80, 89-90 (1993); Conetta v. Zoning Board of Appeals,42 Conn. App. 133, 137 (1996).
It is the responsibility of the board to find the facts and to apply the pertinent zoning regulations to those facts. Toffolon v. Zoning Boardof Appeals, 155 Conn. 558, 560-61 (1967); Wing v. Zoning Board ofAppeals, 61 Conn. App. 639, 644 (2001).
The zoning board of appeals is entrusted, within prescribed limits and consistent with the exercise of discretion, with the function of deciding whether a regulation applies to a given situation and the manner of its application. Connecticut Sand Stone Corporation v. Zoning Board ofAppeals, 150 Conn. 439, 442 (1963).
In discharging this responsibility, the board is endowed with liberal discretion, and its action is subject to review by a court only to determine whether it was unreasonable, arbitrary, or illegal. Molic v.Zoning Board of Appeals, 18 Conn. App. 159, 165 (1989).
The burden is on the party seeking to overturn the board's decision to demonstrate that it acted improperly. Pleasant View Farms Development,Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269-70 (1991).
Under appropriate circumstances, the board may act upon facts which are known to it even though they are not produced at the hearing. Parsons v.Board of Zoning Appeals, 140 Conn. 290, 292 (1953).
Courts must not substitute their judgment for that of the zoning CT Page 15139 board, and the board's decision should not be disturbed so long as an honest judgment has been reasonably and fairly exercised after a full hearing. Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 48 n. 2 (1984).
Where, as here, a zoning authority has stated reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. Horn v. Zoning Board ofAppeals, 18 Conn. App. 674, 676 (1989).
The credibility of witnesses and the determination of factual issues are the province of the zoning board of appeals. Conetta v. Zoning Boardof Appeals, supra, 138. Evidence is sufficient to support an agency's finding if it affords a substantial basis of fact from which the fact in issue can reasonably be inferred. Mobil Oil Corp. v. Zoning Board ofAppeals, 35 Conn. App. 204, 209 (1994).
 DECISION OF THE ZONING BOARD OF APPEALS FINDS SUPPORT IN THE RECORD
The plaintiff claims that his appeal should be sustained, because the parking of his vehicles and equipment in a C-CBD zone is a permitted use.
Therefore, he argues, the cease and desist order should not have issued.
He further maintains that the vehicles were not being stored on the lot, as found by the zoning enforcement officer, but were merely being parked at the location.
The plaintiff's arguments are not persuasive.
It is true, as the plaintiff claims, that a "parking area or parking garage" is listed as a permitted use in a C-CBD zone pursuant to the zoning regulations of the City of Danbury (Section 5.F.2a (24)).
However, Section 8.C.8b of the Zoning Regulations distinguishes between the use of an area for "transient" parking of vehicles, with use of the land for "dead storage."
That section of the regulations reads: "Parking spaces and areas shall be for transient parking of motor vehicles only, with no sales, dead storage, repair work, dismantling, or servicing of any kind, except as permitted for service garages and service stations."
Even if the court was inclined to adopt the plaintiff's expansive definition of "motor vehicle," the record overwhelmingly supports the CT Page 15140 decision of the Zoning Board of Appeals in sustaining the cease and desist order.
Evidence in the form of testimony and photographs was produced by the zoning enforcement official, sufficient for the Board to find that the use of the lot by Charles F. Nejame Company, Inc., was not for the parking of vehicles, but for the dead storage of equipment and vehicles used as part of the plaintiff's pool business.
Although the plaintiff claimed that the vehicles were moved daily, the record contains ample evidence to support the Board's conclusion that the vehicles were stored on the property for extended periods of time, particularly in the winter months.
While neither the term "motor vehicle" or "construction equipment" is defined in the zoning regulations, the defendant, Zoning Board of Appeals of the City of Danbury, was justified in finding that the machinery and vehicles maintained by the plaintiff on the subject property are construction equipment.
There is no disputing that the machinery was used by the plaintiff in conjunction with the installation of swimming pools.
The Zoning Regulations of the City of Danbury scrutinize the storage and use of construction equipment, and make such equipment subject to regulation and control.
In a general industrial district (IG-80), the regulations allow the "storage, sale or repair of construction equipment." (Section 6.B.2. (29).)
The regulatory process further provides in Section 6.B.4.d: (1) "Any outdoor storage, sale or repair of construction equipment, except for the sale of motor vehicles, shall be screened from view from adjacent properties by a screen or landscaped buffer. . . ."
The storage, sale or repair of construction equipment is also a permitted use in a general commercial district (GC), but only as a special exception use (Section 5.8.2.b (8)).
The plaintiff's contention that the regulations permit him to store construction equipment on the subject property without any of the safeguards contained in the zoning regulations is untenable.
The record provides overwhelming support for each of the reasons given by the Zoning Board of Appeals in its decision sustaining the cease and CT Page 15141 desist order.
 PLAINTIFF FAILED TO PROVE A PRIOR NON-CONFORMING USE
The plaintiff claims that the storage of vehicles and equipment on the subject property is protected as a prior non-conforming use pursuant to § 8-2 of the General Statutes.[1]
A use of property can be considered a non-conforming use only if it satisfies two criteria: (1) it must have been lawful, and (2) it must have been in existence at the time the zoning regulation making the use non-conforming was adopted. Cummings v. Tripp, 204 Conn. 67, 91-92
(1987).
To be an existing use, the premises must be so utilized as to be known in the neighborhood as employed for a given purpose. HelicopterAssociates, Inc. v. Stamford, 201 Conn. 700, 713 (1986).
The burden of establishing the existence of a valid non-conforming use as of the effective date of the regulations is on the property owner.Friedson v. Town of Westport, 181 Conn. 230, 234 (1980). The use must not only exist when the zoning regulations were enacted, it must continue to maintain its non-conforming status until the present time. Cummings v.Tripp, supra, 91.
Here the only evidence supplied by the plaintiff in support of his claim is in the form of two letters (ROR 7), one from Pearl Dent and a second from Janet Butera.
No evidence was introduced concerning the lawful nature of the original use or the date of the adoption of the applicable zoning regulations.
The Butera letter gives no date as to the beginning of the alleged "vehicle parking" and does not say the use has been continuous through the present.
The Dent letter deals with the period between 1945 and 1979, and provides no information concerning the intensity of the use, or use of the property after 1979.
This evidence falls far short of the proof necessary to establish the creation and the maintenance of a protected, non-conforming use.
 CONCLUSION
The appeal of the plaintiff, Charles F. Nejame Company, Inc., is CT Page 15142 dismissed.
Radcliffe, J.