JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, SJA Associates, Inc., appeals the trial court's dismissal of its case against one of its former independent contractors, defendant-appellee, Kenneth Gilder.[1] For the reasons that follow we reverse the judgment of the trial court and remand this matter for a determination of the reasonableness of the non-compete clause at issue in this case.
{¶ 2} Appellant is a mobile disc jockey business, which uses subcontractors to provide services to clients for a variety of different social events. Appellant obtains engagements for which it is paid directly by the particular client. In turn, the subcontractor who performs services on appellant's behalf is paid on a per-service fee basis for each engagement.
{¶ 3} Between 1997 and 1999, appellant and appellee entered into three consecutive Subcontractor Agreements. Each agreement was for a one-year term and included a two-year non-compete clause.[2]
{¶ 4} In May 2000, appellant and appellee entered into a fourth agreement which, for purposes of this appeal, is not materially different from the prior agreements between the parties. In pertinent part, the May 2000 agreement states:
 {¶ 5} 1. Engagement. Company hereby engages Subcontractor to perform the Services from time to time, as requested by Company, in connection with bookings which the Company has accepted to provide prerecorded musical entertainment at social functions. * * *
{¶ 6} * * *
{¶ 7} 4. Noncompetition; Exclusivity.
 {¶ 8} (a) During the term of this Agreement, and for a period of two (2) years following termination of this Agreement, Subcontractor shall not at any time compete with Company, directly, or indirectly, in the business of providing prerecorded musical entertainment at social functions within a fifty mile radius * * *.
{¶ 9} In March 2001, appellee terminated his relationship with appellant. The parties agree that appellee was paid more than $17,000 for all the jobs he performed under the May 2000 agreement. Neither party disputes that appellee, even prior to his formal notice of termination, was competing with appellant and had indicated his intention to continue doing so. Appellant filed suit to enforce its non-competition provision against appellee.
{¶ 10} Following a consolidated hearing on appellant's requests for a preliminary and permanent injunction against appellee, the trial court denied appellant's requests and dismissed the case concluding that the agreement executed between the parties was not enforceable. The trial court issued a written opinion in which it made findings, the most pertinent of which are the following:
{¶ 11} * * *
 {¶ 12} It was agreed and stipulated by the parties that the Court would rule as a matter of law on whether the parties entered into a valid enforceable contract and, if so, whether a permanent injunction should be ordered. * * *
{¶ 13} * * *
 {¶ 14} * * * Plaintiff seeks an order prohibiting Defendants from soliciting and providing disc-jockey services within the fifty mile radius specified in the alleged contract between the parties until May 12, 2003.
{¶ 15} * * *
 {¶ 16} * * * Plaintiff's President, Samuel Avellone, admitted at the hearing that his company could enforce the covenant not to compete against a Subcontractor even if the company obtained bookings but never called a Subcontractor to perform any services.
 {¶ 17} * * * This is nothing more than a possibility of employment and does not constitute sufficient consideration to create an enforceable contract. * * *
 {¶ 18} The Court further finds that there is a failure of any fair compensation to support this purported contract. * * * [T]he Subcontractor Agreement does not provide a specified price for defendants' services but rather leaves it to the parties to agree on the price "in advance of any of the engagements," should the Company desire to call a Subcontractor for any engagements. * * *
 {¶ 19} * * * [T]his Court finds that the Subcontractor Agreements are not enforceable contracts. * * *[3]
{¶ 20} The court dismissed the case and this timely appeal followed. Appellant presents one assignment of error.
 {¶ 21} THE TRIAL COURT ERRED BY DISMISSING THE CASE BELOW, AND HOLDING THAT THE CONTRACT BETWEEN THE PARTIES WAS UNENFORCEABLE.
{¶ 22} Whether a contract is enforceable is a question of law for the court to decide. Lovewell v. Physicians Ins. Co. (1997),79 Ohio St.3d 143, 679 N.E.2d 1119. "Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo." Lovewell, supra at 144, citing Nationwide Mut.Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108,652 N.E.2d 684.
{¶ 23} The threshold inquiry in the case at bar is whether a contract was actually formed between the parties. Problems relating to the actual formation of a binding contract involve questions related to offer, acceptance, or consideration. Morganstern, Macadams DevitoCo., L.P.A. v. Hilliard Bldg. Partnership. (Dec. 13, 2001), Cuyahoga App. No. 79407, citing Nilavar v. Osborn (2000), 137 Ohio App.3d 469,738 N.E.2d 1271.
{¶ 24} It is a basic maxim that a contract must be supported by valid consideration in order to be enforceable. Robey v. Plain CityTheatre Co. (1933), 126 Ohio St. 473, 186 N.E. 1. Additionally, an agreement must be mutual and binding upon both parties. Fanning v.Insurance Co. (1881), 35 Ohio St. 339 at 343-344. Mutuality derives from the promises given by and between parties to a contract.
{¶ 25} However as noted in Helle v. Landmark (1984),15 Ohio App.3d 1, 472 N.E.2d 765,
 {¶ 26} the "mutuality of obligation" doctrine [requires] only a quid pro quo. Thus understood, a unilateral contract lacks "mutuality" only when there is a failure of consideration. ("If the requirement of consideration is met, there is no additional requirement of * * * `mutuality of obligation.'") * * * The proper inquiry is whether the employee has given consideration for the employer's promise * * * of [benefit]."
 {¶ 27} In the case of a unilateral contract, as here, the promisor's offer is accepted by the promisee's performance rather than by a return promise to perform. Consequently, when the promisee's performance is executed, enforceable obligations arise without more.
{¶ 28} Helle, supra, at 12-13 (Citations omitted).
{¶ 29} In the case at bar, appellee's acceptance and performance of the jobs offered by appellant constitute the bargained-for-consideration, rendering the agreement and its non-compete clause enforceable. It is undisputed that appellee performed a number of engagements for appellant and he was paid more than $17,000 for the services he performed. Appellee's performance establishes a binding unilateral contract. We must reject, therefore, appellee's argument that the agreement is unenforceable because appellant retained the right to employ him "to perform the Services from time to time, as requested by the [appellant] * * *. This is not an illusory promise because appellee did, in fact, perform the various engagements offered to him by appellant. Appellant's assignment of error is sustained.
{¶ 30} Because the agreement is an enforceable contract, we reverse the judgment of the trial court and remand this matter for a determination on the reasonableness of the noncompetition clause under the authority of Raimonde v. Van Vlerah (1975), 42 Ohio St.2d 21,325 N.E.2d 544.
The judgment of the trial court is reversed and this matter remanded for proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellees costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND KENNETH A. ROCCO, J., CONCUR.
[1] Appellant also filed suit against other defendants, The D.J. Company, Doug Henke a.k.a. Doug Shannon, and Brian Kazy, none of whom are parties to this appeal or the agreement at issue in this case.
[2] Only the January 1998 agreement included an addendum listing confirmed dates for appellee's services.
[3] The trial court's opinion also dispensed with appellant's claims against the other defendants and explained, "because there is no privity of contract between Plaintiff and Defendants Kazy and Shannon/Henke, this contract is unenforceable as to these two collateral defendants."